66

Cleveland Trust Company, n.k.a. Ameritrust Company, Executor, Appellee, v. Willis, Appellant.

[Cite as Cleveland Trust Co. v. Willis (1985), 20 Ohio St. 3d 66.]

(No. 84-1766—Decided November 27, 1985.)

 

*Brouse & McDowell, Frank E. Quirk, Robert E. Kerper, Jr.,* and *Clair E. Dickinson,* for appellee Cleveland Trust Company.

*Topper, Alloway, Goodman, DeLeone & Duffey, John J. Duffey, Hershey & Browne* and *John L. Wolfe,* for appellant Charles F. Willis, Jr.

*Hahn, Loeser, Freedheim, Dean & Wellman, David C. Weiner* and *Alan S. Kopit,* for Elizabeth Willis.

*Per Curiam.* The issue raised by this appeal is whether the trial court correctly ruled that the signatory status of the parties was conclusively established by Cleveland Trust's requests for admissions. We hold that the trial court was correct in that ruling.

Civ. R. 36 requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer. Failure to respond at all to the requests will result in the requests becoming admissions. Under compelling circumstances, the court may allow untimely replies to avoid the admissions.

In the instant case, Charles did not respond to the requests for admissions until the date of trial, forty-two days after service. The requests designated a period of twenty-eight days within which Charles was to respond. When Charles failed to answer the requests, the admissions became facts of record which the court must recognize.

A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit — to resolve potentially disputed issues and thus to expedite the trial. See *St. Paul Fire & Marine Ins. Co.* v. *Battle* (1975), 44 Ohio App. 2d 261, 269 [73 O.O.2d 291].

Any matter admitted under Civ. R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ. R. 36(B). The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson* v. *Dodds* (1980), 62 Ohio St. 2d 287 [16 O.O.3d 329], paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

In this case Charles failed to justify his dilatory response to the requests. On appeal Charles suggests that illness prevented his timely response. However, Charles did not move for a protective order or otherwise request relief from the duty of responding to these requests for admissions. Extensions of time may always be asked for and are usually

granted on a showing of good cause if timely made under the Civil Rules. In such circumstances we do not see how Charles' illness presented a substantial reason for not responding earlier.

The most emphatic argument Charles now makes is that permission to withdraw and amend his admissions on the first day of trial would not have prejudiced Cleveland Trust in maintaining its action. We disagree. Charles did not cooperate with discovery requests and defied court orders directing him to give his deposition. Because of this conduct Cleveland Trust relied on the requests for admissions as proof of potentially disputed issues. On the first day of trial Charles sought to file his untimely response to the requests for admissions. To permit filing of Charles' response not only would have prejudiced Cleveland Trust's pursuit of its remedy and entailed further delay, but it would have put a premium upon lack of diligence. The record discloses plain failure to respond to the requests without justification for the delay. The trial court did not abuse its discretion by denying Charles' motion to amend.

Although Charles admitted to the trial court that his response to the requests was late, he now argues differently. Charles contends that the instruction with respect to the response time for the requests was improper and that a proper instruction would have read "within thirty-two (32) days." Charles did not raise this argument in the trial court and we need not address it here. Nevertheless, we have examined Charles' argument and find it to be without merit.

Charles primarily relies upon dictum in a municipal court opinion as authority for his contention. *Buckeye Union Ins. Co.* v. *McGraw* (1980), 64 Ohio Misc. 61 [18 O.O.3d 322]. See, also, *Buckeye Union Ins. Co.* v. *Regional Transit Auth.* (1983), 14 Ohio Misc. 2d 11.

In *Buckeye Union Ins. Co.* v. *McGraw, supra,* the court stated that the minimum time prescribed by the rules for response to requests to admit which are served by mail is thirty-two days. The court calculated the minimum prescribed time by adding the twenty-eight days provided for in Civ. R. 36(A) to the additional three days provided for in Civ. R. 6(E) when notice is received by mail and then adding a day based on its interpretation of the preposition "within" as used in Civ. R. 36(A). The court stated that if the instruction with respect to the response time for requests to admit fails to give the minimum prescribed time period the party served may ignore the requests.

We disagree with the municipal court's interpretation and construction of the rules. Civ. R. 36(A) states that responses are due "within a period designated in the request, not less than twenty-eight days." A designated period of twenty-eight days satisfies the requirement of the rule.

Civ. R. 6(E) adds three days to a prescribed period of time if the party who must perform a duty receives notice by mail. There is no requirement that the three days be incorporated into the period designated in the notice.

Based on the foregoing we hold the trial court correctly ruled that Cleveland Trust's requests for admissions were admitted. These admissions are dispositive of the appeal. The judgment of the court of appeals is affirmed as to Charles.[1]

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[1] Elizabeth did not file a notice of appeal in this court. Nevertheless, in a brief styled "Brief of Defendant-Appellee, Elizabeth Firestone Willis," Elizabeth presents a proposition of law and requests this court to reverse the court of appeals' judgment against her. Elizabeth's contention is not properly before us and we do not consider it on appeal.