**OUTDOOR PRODUCT, INC.**

v.

**THE DECK CONNECTION AND MORE, INC.**

Court of Common Pleas of Ohio,
Medina County.

No. 99 CIV 0380.

Decided Nov. 23, 1999.

*Randy T. Slovin,* for plaintiff.

*Jeffrey W. Largent* and *Kendra J. Jeske,* for defendant.

---

JAMES L. KIMBLER, Judge.

Plaintiff Outdoor Product, Inc.'s motion for summary judgment is pending before the court, as is defendant The Deck Connection and More, Inc.'s motion for leave to withdraw or amend admissions.

## PROCEDURAL BACKGROUND

Plaintiff filed its complaint on May 7, 1999, and defendant was served by certified mail on May 15, 1999. Beyond the applicable time limit for serving an answer to plaintiff's complaint, defendant, on July 2, 1999, by and through counsel, took a leave to plead, which document reflects that it was taken with the consent of plaintiff's counsel. Immediately after filing the leave to plead, defendant filed its answer on July 2, 1999, which consists of a general denial of all the allegations in plaintiff's complaint.

On August 5, 1999, plaintiff served requests for admissions on defendant, which contained the following instruction: "3. Your answers, signed and properly verified, must be delivered to Plaintiff's attorneys within 28 days." After defendant did not respond to these requests, plaintiff served on defendant on October 6, 1999, and filed with the court a motion for summary judgment on October 8, 1999.

According to an affidavit filed by one of defendant's attorneys, Kendra J. Jeske, with defendant's motion for leave to withdraw or amend admissions, which motion for leave was served and filed on November 5, 1999, defendant, on October 8, 1999, served its responses to plaintiff's requests for admissions. See Affidavit of Kendra J. Jeske dated November 5, 1999, paragraph 2.

In its response to plaintiff's motion for summary judgment, also filed on November 5, 1999, defendant included an affidavit of James Brown, its president. In his affidavit, Brown stated: "16. Attached as Exhibit 'A' is a copy of our response to Plaintiff's Request for Admissions." See Affidavit of James Brown, President, dated November 5, 1999. The last page of Exhibit A is attached hereto as Exhibit 1.

## APPLICABLE LAW

In relevant part, Civ.R. 36 provides as follows:

"(A) Request for admission

" * * *

"Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.* If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder. * * *

" * * *

"(B) Effect of admissions

"Any matter admitted under this rule is *conclusively* established unless the court on motion permits withdrawal or amendment of the admission. * * * [T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. * * * " (Emphasis added.)

The controlling Ohio Supreme Court case interpreting Civ. R. 36 is *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, certiorari denied (1986), 478 U.S. 1005, 106 S.Ct. 3295, 92 L.Ed.2d 710. In its *per curiam* opinion, the Supreme Court stated:

"Civ.R. 36 *requires* that when requests for admissions are filed by a party, the opposing party *must timely* respond either by objection or answer. *Failure to respond at all to the requests will result in the requests becoming admissions.*

Under compelling circumstances, the court *may* allow untimely replies to avoid the admissions.

" * * *

"A request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit—to resolve potentially disputed issues and thus to expedite the trial. See *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 269 [73 O.O.2d 291, 295–296, 337 N.E.2d 806, 813].

"*Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Civ.R. 36(B). The court *may* permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action. *Balson v. Dodds* (1980), 62 Ohio St.2d 287 [16 O.O.3d 329, 405 N.E.2d 293], paragraph two of the syllabus. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." (Emphasis added.) *Id.* at 67, 20 OBR at 365, 485 N.E.2d at 1053.

The Supreme Court also went on to observe: "Extensions of time [with respect to requests for admission] may always be asked for and are usually granted on a showing of good cause if timely made under the Civil Rules." *Id.* at 67–68, 20 OBR at 365, 485 N.E.2d at 1054.

## FINDINGS OF FACT

The Court finds that:

1. On August 5, 1999, plaintiff served defendant with plaintiff's requests for admissions, a copy of which is attached to plaintiff's motion for summary judgment;

2. Defendant did not timely respond to the requests for admissions;

3. Defendant did not seek an extension of time to respond to said requests for admissions;

4. Defendant did not attempt to respond to the requests for admissions until October 8, 1999; and

5. Defendant's response to the requests for admissions is not signed either by defendant's counsel or by any one else, such as an officer of defendant.

## CONCLUSIONS OF LAW

 The purported responses of defendant to plaintiff's requests for admissions are of no legal effect because they were not signed (1) either by defendant, (2) or by defendant's counsel, as required by Civ.R. 36(A).

 While it is true that a court, in its discretion, can permit a litigant to amend the litigant's responses to admissions, even if the responses are admissions by default, if such an amendment will serve the interest of having a case presented on its merits, a litigant whose admissions are by default must also meet the requirement of Civ.R. 6(B)(2), which provides that when the specified period for doing an act has passed, a court may, upon motion, permit "the act to be done where the failure to act was the result of excusable neglect * * *." In the case *sub judice*, there is no evidence that defendant's failure to timely respond to plaintiff's requests was the result of excusable neglect.[1] In light of this fact, defendant's motion for leave to withdraw or amend admissions is denied.

 Turning now to plaintiff's motion for summary judgment, the court notes that the motion is based upon the premise that defendant's failure to respond to plaintiff's requests for admissions resulted in the requests being admitted, including Request No. 9, which provides: "Defendant now owes Plaintiff the balance sued upon in the complaint." Plaintiff's requests for admissions attached to plaintiff's motion for summary judgment, at 3. If said request was in fact admitted, such an admission would, in the words of the *Cleveland Trust* opinion, go "to the heart" of this case.

However, the court hereby rules that plaintiff's requests for admissions were not admitted because they were and are legally defective for several reasons. First, Civ.R. 36 requires that the party serving the requests give the party upon whom they are served a minimum of twenty-eight days, after service of said requests, to serve responses to the requests. In the case at bar, plaintiff in its instructions mandated that the defendant's answers "be delivered to Plaintiff's attorneys within 28 days." By directing that the answers be "delivered" to plaintiff's attorneys within twenty-eight days, as opposed to being "served" within twenty-eight days, plaintiff as a practical matter reduced the response time to less than the minimum response time of twenty-eight days.

---

1. Far from explaining to the court circumstances that would form the basis of a finding that there was excusable neglect for not responding to the requests in a timely fashion, defendant's attorney attempts to shift the blame to plaintiff and its counsel by stating in her affidavit: "Plaintiff or its counsel did not contact me to inquire, verbally or in writing, about the whereabouts of the responses." Affidavit of Attorney Jeske, paragraph 4.

Furthermore, plaintiff erroneously instructed defendant that the answers to the requests had to be "verified," which under Civ.R. 36(A) is not accurate.[2]

Given then that there is no factual basis to support plaintiff's motion for summary judgment, the motion is hereby denied.

Pursuant to a civil scheduling order filed this day, a copy of which is attached hereto and marked Exhibit 2, this case is hereby set for trial before the court. However, within the parameters of the civil scheduling order, plaintiff may file another motion for summary judgment.

· SO ORDERED.

*Judgment accordingly.*

---

**2.** See 1 Anderson's Ohio Civil Practice (1999), McCormac & Deken, Section 6.153, at 440, as well as 3 Baldwin's Ohio Practice (1997), F.10.2.3, at 278, for examples of instructions for requests for admission, which instructions this court is of the opinion comply with Civ.R. 36.

# EXHIBIT 1

17. ·Every statement in the complaint is true and correct.

ANSWER:

Deny

Respectfully submitted,

By: _____
Randy T. Slovin
Supreme Crt. 0037536
Mason, Slovin & Schilling Co., LPA
Attorneys for Plaintiff
11340 Montgomery Road, Suite 210
Cincinnati, Ohio 45249
Phone (513)489-0829 Phone
Fax (513)489-0834 Fax

COUNSEL:
MASON, SLOVIN & SCHILLING CO., L.P.A.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon Jeffrey W. Largent, Esq., 125 N. Elmwood Ave., Medina OH, 44256, by ordinary U.S. Mail on this 5th day of August, 1999.

_____
Randy T. Slovin

**This communication is from a debt collector.**

99-01339-0 RTS

# EXHIBIT 2
### COURT OF COMMON PLEAS
### MEDINA COUNTY, OHIO

CASE NO. _99 CIV D380_

JUDGE'S CIVIL SCHEDULING ORDER:

This case is set for a jury/non-jury TRIAL on _3/8/00 at 9:10a.m._

IF ANY PARTY WISHES ARBITRATION OR OTHER ALTERNATIVE DISPUTE RESOLUTION, A MOTION TO THAT EFFECT SHOULD BE FILED AS EARLY AS POSSIBLE, BUT IN NO CASE LATER THAN _60_ DAYS BEFORE TRIAL DATE.

The Court may, on its own motion, set any case involving a dispute of less than $50,000.00 for arbitration.

Non-jury trials may be set before the Magistrate or the Judge.

ANY PARTY DESIRING THE PRESENCE OF A COURT REPORTER AT A NON-JURY TRIAL BEFORE THE MAGISTRATE MUST NOTIFY THE COURT AT LEAST SEVEN (7) DAYS IN ADVANCE OF THE TRIAL DATE.

Final pretrials may be requested not less than two weeks prior to trial.

All discovery will be done, and parties will be ready to discuss settlement. IF ANY PARTY DESIRES A PRETRIAL EARLIER THAN THIS, NOTIFICATION MUST BE MADE TO THE COURT IN WRITING, and one will be set. Otherwise, this is the only pretrial that will be set by the Court.

Summary judgment motions and all other dispositive motions must be filed no later than _60_ DAYS BEFORE TRIAL, unless leave of court is obtained.

Nothing in this order precludes counsel from mutually agreeing to alternative dates, except that all discovery MUST be done before the final pretrial. The Court encourages cooperation and a spirit of professionalism in working toward resolving disputes.

Motions in limine must be presented at least ONE WEEK prior to trial.

The Local Rules of Court for the Medina County Common Pleas Court are hereby incorporated into this order. In the event of a conflict between the Local Rules and this order, this order shall control.

The parties shall submit one combined set of jury instructions ONE WEEK prior to trial on a 3 1/2" computer disk in Word 7.0 or WordPerfect 5.0 OR 6.0.

JUDGE JAMES L. KIMBLER

Copies provided to all counsel xxxxxxxxxxxxxxxxxxxxxxxxxxxxx regular mail.