OPINION
Appellant, Dale Agnew, appeals an order of the Court of Common Pleas of Auglaize County, granting summary judgment in favor of Appellees, Thomas W. Kerrigan II, and the law firm of Kerrigan, Boller, Stevenson Goettemoeller Co., L.P.A., based upon a separate order overruling Appellant's motion for an extension of time to comply with discovery requests. For the reasons that follow, we affirm the judgment of the trial court.
On December 18, 1998, Appellant brought the current action against Appellees, asserting a legal malpractice claim. This is the second time Appellant has filed this complaint. He originally filed an earlier identical complaint, which he voluntarily dismissed on October 16, 1998 pursuant to Civ.R. 41(A). Thereafter, Appellees filed a motion to dismiss the present complaint on January 15, 1999, which was denied by the trial court on March 22, 1999. On July 30, 1999, Appellees jointly served on Appellant written Interrogatories, Requests for Production of Documents, and Requests for Admission pursuant to Civ.R. 33, Civ.R. 34, and Civ.R. 36, respectively. Appellant, however, failed to comply with the twenty-eight day allotment of time for responses to each discovery request.
Thereafter, Appellees tried unsuccessfully on numerous occasions over a period of approximately three months to elicit Appellant's discovery responses. In accordance with the deadlines established in the pre- trial order, on October 22, 1999, Appellees moved the trial court for summary judgment. The uncontroverted facts that Appellees relied upon to form the basis for the summary judgment were the facts contained in the prior submitted Requests for Admission. The trial court scheduled the summary judgment motion for a non-oral hearing on November 9, 1999. On November 3, 1999, Appellant moved the trial court for an extension of time to comply with the discovery requests; however, he did not include a request for an extension of time to respond to the motion for summary judgment. Appellant never responded to the motion for summary judgment.
On November 9, 1999, Appellant's motion for an extension of time came on for hearing before the trial court, as well as the motion for summary judgment. On December 20, 1999, the trial court entered separate judgment entries overruling Appellant's motion for an extension of time to comply with the discovery requests, and sustaining Appellees' motion for summary judgment.
Appellant timely appeals the grant of summary judgment based upon the trial court's denial of his motion, assigning one error for our review.
The trial court committed error in denying Plaintiff'smotion for extension of time to comply with discovery.
Initially, we note that Appellant assigns error only to the trial court's denial of his motion for an extension of time to comply with the discovery requests, and not to the court's decision regarding the summary judgment motion. However, because Appellant concedes that without leave to respond to the discovery requests he could never prevail on the summary judgment motion, we will focus on the denial of the motion for an extension of time to respond.
The trial court's primary basis in denying Appellant's motion for an extension of time and granting Appellees' summary judgment motion was Appellant's inexcusable failure to respond to the Requests for Admission pursuant to Civ.R. 36, which states in pertinent part:
 (A) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
* * *
 The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney.
* * *
 (B) Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *
The record reflects that Appellees served on Appellant the Requests for Admission no later than August 2, 1999. Pursuant to Civ.R. 36(A), Appellant had twenty-eight days from that date to respond and serve Appellees with written answers or objections to the requests. However, Appellant never responded to these Requests for Admissions. Because Appellant did not do so, the matters became automatically admitted pursuant to Civ.R. 36(A). See Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66; Dobbelaere v. Cosco, Inc. (1997), 120 Ohio App.3d 232,
Additionally, any matter admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B); Cleveland Trust Co., supra. The record reflects that the only motion Appellant filed was for an extension of time to comply with the discovery requests. Notwithstanding the fact that such a motion should have been filed with the court prior to the expiration of the twenty-eight day time limit for responses, we will assume arguendo that the motion was a request to withdraw or amend his admissions.
The standard of review of a denial of a motion to amend or withdraw an admission is abuse of discretion. Cleveland TrustCo., supra at 68. An abuse of discretion by the trial court "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
In support of his claim that the trial court erred in denying his motion, Appellant's counsel, Mr. Linnon, argues that on August 30, 1999 Appellees' counsel, Mr. Heydinger, orally agreed to indefinitely extend the deadline for submitting all the discovery responses. At the motion hearing on November 9, 1999, Mr. Heydinger stated that although he could not remember making such an agreement, even if he did, the record reflects that prior to the time he filed his motion for summary judgment he had requested the discovery responses from Mr. Linnon on numerous occasions.
The record from the motion hearing demonstrates that on September 17, 1999 all counsel conducted a pre-trial status conference call with the trial court judge concerning the status of the case. At that time, Mr. Linnon assured the court and counsel that the discovery responses would be forthcoming. At the November 9, 1999 hearing, Appellant testified that the discovery documents were completed by September 22, 1999; however, they were never served on Appellees nor filed with the court. The record further reflects that attorney Heydinger attempted to contact Mr. Linnon via telephone on both September 28 and October 5, 1999 to inquire about the status of the discovery responses. Each time, Mr. Linnon was unavailable and neither telephone call was returned.
Mr. Linnon provided several excuses for failing to return the telephone calls, which included the size of his caseload, the fact that he was on vacation, and scheduling conflicts. Additionally, he stated that he was suffering from severe depression, for which he was taking medication, and that his wife was pregnant at the time. He argued that each of these circumstances complicated his ability to comply with Mr. Heydinger's requests.
In denying Appellant's motion, the trial court noted that although there was some action on the part of Mr. Heydinger to extend the time for filing the responses to the Requests for Admission, that did not permit an indefinite delay. Notwithstanding, the court advised Mr. Linnon that he should have properly noted such an agreement in writing for the record. The trial court also stated that there was every expectation of full compliance with the discovery requests, especially in light of the promises Mr. Linnon made during the September 17, 1999 telephone conference. Instead, Mr. Linnon refused to return Mr. Heydinger's subsequent telephone calls on several occasions, and has even acknowledged his failure to return the calls.
With respect to Mr. Linnon's excuses, the court stated that the failure to return the telephone calls due to the fact that he was on vacation does not amount to good cause for granting such a motion. The court also stated that if Mr. Linnon knew that he was suffering from an illness that was impeding his professional responsibilities, he was obligated to either request an extension at that time or seek assistance in order to maintain a manageable caseload.
After reviewing the record in this matter, there is nothing to suggest that the trial court's attitude was unreasonable, arbitrary, or unconscionable. There is ample evidence in the record to support the trial court's denial of Appellant's motion for an extension of time. It naturally follows that because the trial court did not err in overruling Appellant's motion for an extension of time, and since the motion for summary judgment was based entirely upon the matters deemed admitted, summary judgment was properly granted in favor of Appellees.
Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ____________________________ WALTERS, J.
HADLEY, P.J., and SHAW, J., concur.