DECISION.
These appeals arise from cross-motions for summary judgment related to a contract between plaintiff-appellee/cross-appellant Furnier Thomas LLP, a law firm, and defendant-appellant/cross-appellee Business Information Solutions, Inc., ("BIS") for storage of the law firm's documents. The contract was originally entered into between BIS and Furnier, Thomas, Rosenberg Herfel, LLP ("FTRH"), with Robert Furnier signing as managing partner for the firm. The two-page contract provided for a three-year term with provisions for automatic renewal. It also provided for BIS to recover any reasonable attorney fees and costs incurred in enforcing the contract.
The trial court entered summary judgment in part for each party after first holding that Furnier Thomas's failure to answer requests for admissions until 52 days after service — 24 days late — conclusively established two admissions. The admissions were that Furnier Thomas was the successor-in-interest to FTRH under the contract and that Furnier Thomas was obligated to pay BIS's attorney fees in this suit. The trial court then held that the attorney-fee provisions were unenforceable as against public policy.
The parties' election to address the issues by cross-motions for summary judgment demonstrated that neither side believed that a genuine issue of material fact was in dispute and that the trial court was free to review the evidentiary material and to render a decision as a matter of law. See Civ.R. 56(C).
In the single assignment of error raised in its appeal, BIS contends that the trial court erred in holding the fee provision unenforceable. The trial court, relying upon this court's opinion in Vermeer of S.Ohio, Inc. v. Argo Constr. Co. (2001), 144 Ohio App.3d 271, 760 N.E.2d 1, ruled that because the fee provision was contained in an "unaltered form agreement" provided by BIS, the agreement was necessarily not "freely bargained for" and thus against public policy.
BIS's assignment of error is sustained, as the trial court erred in concluding that the fee provision was not freely bargained for. InVermeer, this court summarized the relevant Ohio Supreme Court case law and held,
 [A] court may enforce a party's contractual agreement to pay, as a cost of enforcing the contract, the attorney fees of the other party only when, upon consideration of the underlying circumstances, the agreement to pay the fees can fairly be said to be the product of a "free and understanding negotiation," * * *, between "parties of equal bargaining power and similar sophistication."
 Id. at 277-278, 760 N.E.2d 1, quoting Worth v. Aetna Cas. Sur. Co. (1987), 32 Ohio St.3d 238, 243, 513 N.E.2d 253, and Newman v. Salamander Indus. Prods., Inc. (Apr. 16, 1999), 1st Dist. Nos. C-970811, C-970843, and C-970879. This court, in invalidating the fee provision in Vermeer, noted that the unaltered form agreement employed between a construction company and its equipment vendor alone could not establish that the fee provision was the product of a free and understanding negotiation. See id. at 278, 760 N.E.2d 1.
Here, the underlying circumstances were that Furnier Thomas was a law firm engaged in the practice of law for its clients — a party of some sophistication in the interpretation of business contracts. The contract was signed by the firm's managing partner. There was no evidence of unequal bargaining power between the Furnier Thomas law firm and BIS. There was no evidence, construed most strongly in favor of Furnier Thomas, to indicate that the law firm did not or could not have participated in a free and understanding negotiation had it chosen to do so. Therefore, in light of Vermeer and the dictates of Civ.R. 56(C), the agreement to pay fees was enforceable against Furnier Thomas, and BIS was entitled to judgment as a matter of law on this issue.
In its cross-appeal, Furnier Thomas's first assignment of error, in which it contends that the trial court's failure to grant its motion to withdraw the admissions not answered in a timely manner, is overruled. See Civ.R. 36(B). The granting of a motion to withdraw material deemed admitted is a matter within the sound discretion of the trial court. A reviewing court may only reverse the trial court's decision when it has abused that discretion. See Cincinnati ex rel. Cosgrove v. Grogan
(2001), 141 Ohio App.3d 733, 753 N.E.2d 256; see, also, Civ.R. 36(B).
To abuse its discretion, a court must act unreasonably, arbitrarily, or unconscionably. See Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87, 482 N.E.2d 1248. Here, the trial court considered the issue in light of the written memoranda submitted by the parties and found no justification to permit the withdrawal of the admissions that Furnier 
Thomas was the successor-in-interest to FTHR and that it was obligated to pay BIS's attorney fees. See Cleveland Trust v. Willis (1985),20 Ohio St.3d 66, 68, 485 N.E.2d 1052. In enforcing the mandate of Civ.R. 36(A) that requests for admissions not timely answered are deemed admitted, the trial court exhibited a sound reasoning process that supported its decision, and this court will not disturb that determination. See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
Furnier Thomas's final assignment of error, in which it contends that it was not bound by the contract its own managing partner had signed, because the contract violated the statute of frauds, is overruled. Because Furnier Thomas was the successor-in-interest to the BIS's with FTRH, it was obligated under the contract due to its automatic-renewal provisions. See, e.g., OEC-Diasonics, Inc. v. Major (Ind. 1996),674 N.E.2d 1312, 1316.
Therefore, that portion of the trial court's entry of summary judgment predicated upon its refusal to permit the withdrawal of Furnier Thomas's admissions is affirmed. But that portion of the summary judgment holding that the attorney-fee provision of the contract was unenforceable is reversed, and this case is remanded to the trial court for further proceedings on the issue of attorney fees to be awarded to BIS.
Judgment accordingly.
Gorman, P.J., Sundermann and Winkler, JJ.