This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Charles and Kathleen Kastor ("the Kastors"), appeal the decision of the Summit County Court of Common Pleas, which awarded summary judgment to appellee Albrecht, Inc. ("Albrecht"). This Court reverses.
 I.
{¶ 2} The Kastors entered into a commercial lease with Albrecht in 1997. The lease was assigned to Hambones Corporation ("Hambones") in 2000. In July of 2001, Albrecht filed a complaint naming Hambones[1]
and the Kastors as defendants wherein it alleged that Hambones had defaulted on the lease. Albrecht also filed two sets of requests for admissions; one directed to Hambones and one directed to the Kastors.
{¶ 3} After several failed attempts, service was perfected on the Kastors on September 10, 2001. The Kastors filed a motion for leave to plead on October 11, 2002. On October 12, 2001, Albrecht filed a motion pursuant to Civ.R. 36 and 56 to deem admitted the matters set forth in its first request for admissions that was directed to the Kastors "motion to deem admitted". The trial court granted Albrecht's motion to deem admitted in an entry dated October 26, 2001.
{¶ 4} On November 8, 2001, the Kastors filed a motion to vacate, or in the alternative, to withdraw and amend admissions ("motion to vacate or withdraw"). The trial court denied the Kastor's motion dated November 8, 2001, in an entry dated November 30, 2001.
{¶ 5} Albrecht filed a motion for summary judgment on January 22, 2002. The trial court granted Albrecht's motion for summary judgment based on the Kastor's admissions.
{¶ 6} Appellant timely appealed, setting forth six assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR {¶ 7} "THE COURT ERRED ON DENYING DEFENDANT'S MOTION TO VACATE OR IN THE ALTERNATIVE TO WITHDRAW AND AMEND ADMISSIONS WHEN DEFENDANTS WERE NEVER SERVED WITH THE REQUEST FOR ADMISSIONS."
 SECOND ASSIGNMENT OF ERROR {¶ 8} "THE COURT ERRED IN DENYING DEFENDANTS' MOTION TO VACATE OR IN THE ALTERNATIVE TO WITHDRAW AND AMEND ADMISSIONS WHEN PLAINTIFF FAILED TO OFFER ANY EVIDENCE THAT GRANTING THE MOTION WOULD IN ANY WAY PREJUDICE PLAINTIFF MAINTAINING ITS ACTION ON THE MERITS."
{¶ 9} The Kastors' first two assignments of error will be combined for ease of discussion.
{¶ 10} The Kastors argue that their motion to vacate or withdraw should have been granted because they were never served with the request for admissions. In addition, the Kastors argue that the trial court should have granted their motion to vacate or withdraw because Albrecht failed to offer any evidence that granting the motion would in any way prejudice Albrecht in maintaining its action on the merits.
{¶ 11} A trial court's decision to grant or deny a request for withdrawal of an admission rests within its discretion. National CityBank, N.E. v. Moore (March 1, 2000), 9th Dist. No. 19465. In order to find an abuse of discretion, this Court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
{¶ 12} Under Civ.R. 36(A), a party may serve a request for admissions upon another party. The purpose of this process is to facilitate early resolution of potentially disputed issues, thereby expediting the trial. Cleveland Trust Co. v. Willis (1985),20 Ohio St.3d 66, 67, certiorari denied (1986), 478 U.S. 1005,92 L.Ed.2d 710. The rule provides that each requested admission is admitted unless, within a designated period of not less than twenty-eight days after service, or within a shorter or longer time as allowed by the court, the party to whom the request is directed serves upon the requesting party a written answer or objection.
{¶ 13} "The Ohio Rules of Civil Procedure regarding service * * * were drafted in the belief that `due process should determine the parameters for proper service.'" Hattie v. Sherman (June 17, 1998), 9th Dist. No. 97CA006809, quoting Regional Airport Auth. v. Swinehart
(1980), 62 Ohio St.2d 403, 405. If service complies with the requirements set forth in Civ.R. 4 et seq., there is a presumption of proper service.Hattie, supra.
{¶ 14} In this case, Albrecht's August 31, 2001 instructions for service specifically instructed the clerk to issue to the Kastors, via certified mail, "(1) an original Summons and copy of the Complaint; (2) Plaintiff's First Request for Admissions Directed to Hambones Corporation; (3) Plaintiff's First Request for Admissions Directed to Charles and Kathleen Kastor; (4) a copy of the First Amended Complaint; and (5) the Request for Hearing on Plaintiff's Demand for Writ of Restitution of the Premises." Albrecht complied with the requirements set forth in Civ.R. 4.1(A). Therefore, a presumption of proper service existed. Furthermore, the Kastors admitted to receiving service; however, they denied receiving Albrecht's request for admissions that was directed to them.
{¶ 15} Assuming arguendo that the Kastors did not receive Albrecht's request for admissions that was directed to them, they were put on notice that the request for admissions existed when a copy of Albrecht's motion to deem admitted was served upon their attorney. Upon a showing of compelling circumstances, the trial court may allow untimely replies to avoid the admissions. National City Bank, supra. The Kastors did not answer or request additional time to answer even after receiving Albrecht's motion to deem admitted. Furthermore, the Kastors did not present evidence of any compelling circumstances that prevented them from doing so.
{¶ 16} The Kastors also argue that the trial court should have granted their motion to vacate or withdraw because it would aid the presentation of the merits of the case and would not prejudice Albrecht in maintaining its cause of action. This Court agrees.
{¶ 17} In Cleveland Trust, the Supreme Court of Ohio held:
 {¶ 18} "Any matter admitted under Civ.R. 36 is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Civ.R. 36(B). The court may permit the withdrawal if it will aid in presenting the merits of the case and the party who obtained the admission fails to satisfy the court that withdrawal will prejudice him in maintaining his action." 20 Ohio St.3d at 67. See, also, Amer, Cunningham, Brennan, Co., L.P.A. v. Sheeler (Apr. 28, 1999), 9th Dist. No. 19093.
{¶ 19} The Kastors established that allowing withdrawal or amendment of the admissions would aid in the presentation of the merits of their case. Allowing the Kastors to withdraw or amend their admissions would permit them to argue that assignment of the lease to Hambones relieved them of their liability to Albrecht. Therefore, Albrecht had the burden of showing that allowing withdrawal or amendment of the admissions would prejudice it. Albrecht did not offer any evidence that it would be prejudiced by allowing the Kastors to withdraw or amend the admissions.
{¶ 20} It is "a basic tenet of Ohio jurisprudence that cases should be decided on their merits." Perotti v. Ferguson (1983),7 Ohio St.3d 1, 3. The present case was only in the beginning phase when appellee filed its motion to deem admitted. Had the case been further along and prejudice demonstrated, denial of appellants' motion to withdraw or amend may have been in order. However, in this case appellants should have been allowed to withdraw or amend their admissions in order to allow the case to be decided on its merits.
{¶ 21} Given the facts above, this Court finds that the trial court abused its discretion when it deemed Albrecht's request for admissions admitted due to the Kastors' failure to timely respond. The Kastors' first and second assignments of error are sustained.
 THIRD ASSIGNMENT OF ERROR {¶ 22} "THE COURT ERRED IN GRANTING SUMMARY JUDGMENT WHEN A FACTUAL ISSUE EXISTS AS TO WHETHER OR NOT CHARLES AND/OR KATHLEEN KASTOR ARE OR WERE PARTIES TO THE SUBJECT LEASE."
 FOURTH ASSIGNMENT OF ERROR {¶ 23} "THE COURT ERRED IN AWARDING SUMMARY JUDGMENT WHEN APPELLEE FAILED TO PROVIDE APPELLANTS OF NOTICE OF DEFAULT BY DEFENDANT HAMBONES."
 FIFTH ASSIGNMENT OF ERROR {¶ 24} "THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLEE SUMMARY JUDGMENT WHEN PLAINTIFF APPELLEE FAILED TO PLEAD AND/OR PROVE THAT IT TOOK STEPS TO MITIGATE DAMAGES."
 SIXTH ASSIGNMENT OF ERROR {¶ 25} "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION FOR SUMMARY JUDGMENT WHEN THERE EXISTS A QUESTION OF FACT REGARDING THE EFFECT OF THE ASSIGNMENT OF LEASE."
{¶ 26} The Kastors' third, fourth, fifth, and sixth assignments of error attack the trial court's granting of summary judgment in favor of Albrecht. They will be combined for ease of discussion.
{¶ 27} Having determined that the lower court erred in deeming admitted Albrecht's request for admissions, the only remaining issue is whether the court properly granted summary judgment. An order granting summary judgment will be upheld where there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law and, viewing the evidence most strongly in favor of the non-moving party, reasonable minds could only arrive at a conclusion adverse to that party. Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Such an order should rest upon a review of all evidence properly before the court, including written admissions. Civ.R. 56(C). An admission by default under Civ.R. 36(A) is deemed a written admission competent to support a motion for summary judgment. Lease Line Ltd., Inc. v. S. F. Farms, Inc. (June 6, 1990), 9th Dist. No. 1861.
{¶ 28} In light of the fact that this Court is remanding the case back to allow the Kastors to amend their admissions, the Kastors' third, fourth, fifth, and sixth assignments of error are sustained.
 III.
{¶ 29} Having sustained all six of the Kastors' assignments of error, the judgment of the trial court is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.
WHITMORE, CONCURS.
[1] On October 23, 2001, the trial court granted summary judgment in favor of Albrecht against Hambones.