OPINION
{¶ 1} Defendant-appellant Robert J. Miller appeals the January 16, 2004 Judgment Entry entered by the Stark County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee First Merit Mortgage Corporation. Appellant also appeals the trial court's January 26, 2004 Judgment Entry-Decree of Foreclosure.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 27, 2001, appellee loaned appellant the sum of $140,000. Appellant executed and delivered to appellee a balloon note and mortgage deed. The mortgage deed was recorded on January 2, 2002. On November 6, 2003, appellee filed a Complaint for Foreclosure in the Stark County Court of Common Pleas, naming appellant and other lien holders as defendants. Appellant filed a timely answer to the complaint.
 {¶ 3} Appellee filed a Motion for Summary Judgment on December 11, 2003. The trial court issued an Order on December 17, 2003, which scheduled a non-oral hearing on the motion for January 9, 2004. The order further advised the parties' responses were due on or before December 29, 2003, and replies were due on or before January 8, 2004. Despite this order, appellant did not file his brief in opposition to appellee's motion for summary judgment until January 7, 2004. Appellant did not request leave to file the untimely pleading.
 {¶ 4} Via Judgment Entry filed January 16, 2004, the trial court found appellant's response untimely filed and struck the same. The trial court further found there was no genuine issue of material fact and granted summary judgment in favor of appellee. The trial court filed a Judgment Entry/Decree of Foreclosure on January 26, 2004.
 {¶ 5} It is from these judgment entries appellant appeals raising the following assignments of error:
 {¶ 6} "I. The trial court committed prejudicial error and an abuse of discretion in granting summary judgment to the appellee/plaintiff.
 {¶ 7} "II. The trial court abused its discretion and committed prejudicial error in granting appellee/plaintiff's decree of foreclosure by failing to ascertain if the decree of foreclosure was based upon plaintiff's practices and procedures with regard to mortgages and foreclosures which may not have complied with the truth in lending act and/or the code of federal regulations."
 I {¶ 8} In his first assignment of error, appellant maintains the trial court erred and abused its discretion in granting summary judgment to appellee. Specifically, appellant submits the trial court abused its discretion in deciding appellee's motion for summary judgment based upon procedural grounds rather than on the merits of the case. Appellant further asserts the trial court erred in granting appellee's motion for summary judgment when genuine issues of material fact exist and reasonable minds could come to more than one conclusion.
 {¶ 9} Via Order filed December 17, 2003, the trial court ordered appellant to file his brief in opposition to appellee's motion for summary judgment by December 29, 2003. Appellant filed his response brief on January 7, 2004, without seeking leave of court. We cannot conclude the trial court abused its discretion in failing to consider appellant's untimely response in opposition.
 {¶ 10} As appellant's brief in opposition was not properly before the trial court, the trial court was not required to consider any of the potential defenses set forth therein. Because appellant failed to timely respond to appellee's motion for summary judgment, we find the trial court did not err in granting summary judgment to appellee based upon the evidentiary material submit by appellee in support of the motion.
 {¶ 11} Appellant's first assignment of error is overruled.
 II {¶ 12} In is second assignment of error, appellant claims the trial court abused its discretion and erred in granting the decree of foreclosure.
 {¶ 13} Having found no error in the trial court's granting of summary judgment in favor of appellee, we further find the trial court did not err in ordering foreclosure consistent with its grant of the summary judgment.
 {¶ 14} Appellant's second assignment of error is overruled.
 {¶ 15} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.