DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Huron County Court of Common Pleas, granting summary judgment to an employer in a workers' compensation claim. Because we conclude that the trial court properly granted summary judgment, we affirm.
 {¶ 2} On April 7, 2004, appellant, Hector Ramirez, allegedly suffered injuries in the course of his employment with appellee, D M Drywall, Inc. Appellant filed a claim with the Ohio Bureau of Workers' Compensation. On November 27, 2004, the Staff Hearing Officer of the Industrial Commission of Ohio, finding that appellant sustained an injury while "lifting and installing unusually large pieces of drywall on a construction project," granted appellant temporary total disability compensation from April 10, through August 7, 2004. Disability compensation was to continue upon submission of medical evidence. On December 14, 2004, appellee filed an appeal from the order of the Staff Hearing Officer. On December 23, 2004, the Industrial Commission of Ohio refused the appeal.
 {¶ 3} On February 4, 2005, appellee filed an appeal, pursuant to R.C. 4123.512, with the Huron County Court of Common Pleas. On April 12, 2005, appellee served appellant the following: requests for admissions, interrogatories, and a request for production of documents. The request for admissions included a request to admit that appellant suffered his alleged injuries while working for another employer. Appellant failed to respond to appellee's requests for admissions within the 28 days provided for by Civ.R. 36 and did not ask leave of the court to extend the time in which he could respond.
 {¶ 4} On May 23, 2005, appellee filed a motion for summary judgment based upon facts deemed admitted in the unanswered request for admissions. In accordance with the local rules of the trial court, the motion was set for a non-oral hearing on June 23, 2005. Under the local rules, appellant was required to file any materials in opposition to appellee's motion 14 days before the hearing date, on June 9, 2005.
 {¶ 5} On June 6, 2005, at the first pre-trial telephone status conference, appellee and appellant discussed the motion for summary judgment and the deemed admissions. On June 7, 2005, appellant sent appellee a copy of responses to its request for admissions, but did not file his responses with the court or move the court to amend or withdraw his previous admissions. Appellant also failed to file a timely response or request an extension of time to respond to appellee's motion for summary judgment. On June 21, 2005, 12 days after the response date and without leave of the court, appellant submitted a memorandum in opposition to summary judgment.
 {¶ 6} On June 27, 2005, based on appellee's motion for summary judgment and appellant's Civ.R. 36 admissions, the trial court entered summary judgment in favor of appellee. Appellant now appeals that judgment, setting forth two assignments of error: 1) that the trial court erred in deeming admitted the unanswered requests for admissions; and 2) that the trial court erred in granting appellee's motion for summary judgment because it based its decision on the deemed admissions.
 I. {¶ 7} In his first assignment of error, appellant argues that his memorandum in opposition to the motion for summary judgment was sufficient under Civ.R. 36(B) to move the trial court to withdraw or amend his Civ.R. 36(A) admissions. Appellant asserts that the trial court abused its discretion in not withdrawing the deemed admissions because: 1) appellant's failure to respond to the requests for admissions was a good faith error; 2) appellee would suffer no pecuniary loss or undue prejudice if the admissions were withdrawn; and, 3) that withdrawal of the admissions would allow a decision to be made on the merits of the case.
 {¶ 8} On appeal, the decision to allow the withdrawal or amendment of admissions is reviewed under an abuse of discretion standard. Szigeti v. Loss Realty Group, 6th Dist. No. L-03-1160, 2004-Ohio-1339, at ¶ 19. An abuse of discretion implies an attitude that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} Civ.R. 36(A) pertains to requests for admission and provides, in part: "The [requested] matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney." Thus, failure to respond to a properly served request for admissions results in the requested matter's being deemed admitted. Civ.R. 36(A);Cleveland Trust Co. v. Willis (1985), 20 Ohio St. 3d 66, 67. Civ.R. 36(B), however, grants a trial court discretion to permit withdrawal or amendment of Civ.R. 36(A) admissions on motion when "the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B); see also Balson v. Dodds, (1980) 62 Ohio St.2d 287,295-296.
 {¶ 10} While Civ.R. 36(B) emphasizes the importance of resolving a case on the merits, it also assures "each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Cleveland Trust Co. v. Willis,
supra at 67. To avoid prejudicing one party while rewarding the other's lack of diligence, trial courts have discretion to consider the circumstances in which a party failed to respond. Id. at 67-68 (upholding default admissions where appellant, who contended on appeal that illness had prevented his timely response, had responded 42 days after service but never asked the trial court for an extension of time in which to respond); see also Thompson v. Weaver, (Aug. 7, 1998), 6th Dist. No. WD-97-099 (Where appellant argued he unsuccessfully tried to contact appellees' attorney "just prior to the deadline and after" to request additional time in which to respond, "[a]ppellant's lack of success in such an eleventh-hour effort [could] not be considered a `compelling' reason to accept late admissions.").
 {¶ 11} Appellant's sole request for permission to withdraw or amend his admissions was contained in his brief in opposition to summary judgment. While appellant is correct that no separate motion other than an opposition brief is necessary to request amendment or withdrawal of Civ.R. 36(A) admissions, Szigeti,
supra at ¶ 19, the brief in opposition to summary judgment was filed late — two days before the non-oral hearing — and without leave of the court. Hence, it was in the trial court's discretion not even to consider appellant's request to withdraw admissions.First Merit Mortgage Corp. v. Miller, 5th Dist. No. 2004CA00052, 2005-Ohio-227, at ¶ 9.
 {¶ 12} In addition, in his motion in opposition to summary judgment, appellant provided the trial court no justification for his failure to respond to appellee's request for admissions. Rather, appellant urged the trial court to withdraw his Civ.R. 36(A) admissions because his failure to respond was neither willful nor in bad faith, and because "justice would be completely defeated in this matter unless the case is heard on the merits." Appellant also informed the trial court that he sent responses to appellee "only one day" after the first telephone status conference and that the trial was scheduled more than five months away.
 {¶ 13} The reasons appellant gives in his appellate brief to justify his failure to respond to admissions were not provided to the trial court in appellant's motion in opposition to summary judgment, and we need not consider them. Cleveland Trust Co. v.Willis, supra at 68. Nevertheless, we have examined his reasons and find they do not constitute compelling circumstances or even excusable neglect that would suggest that the trial court abused its discretion.
 {¶ 14} Appellant claims that he mistakenly thought appellee's discovery requests related to another case. Appellant also informs this court that he was confused because the request for admissions was "sandwiched" between other documents. The record, however, shows that both the caption for discovery requests and appellee's cover letter indicated the case number as well as the inclusion of appellee's request for admissions. Further, an email appellee sent appellant to provide him notice of the discovery request contained the case number in the subject heading. Appellant's stated confusion in overlooking appellee's requests for admissions also begs the question why he failed to timely respond to appellee's interrogatories and requests for production, also due within 28 days. Civ.R. 33(A); Civ.R. 34(B).
 {¶ 15} Because appellant's failure to respond to appellee's requests for admissions was an unjustified hindrance to the legal process, and because appellee was entitled to rely on the Civ.R. 36(A) admissions as proof of potentially disputed issues, we conclude that the trial court did not abuse its discretion in not permitting withdrawal of appellant's Civ.R. 36(A) admissions. Accordingly, appellant's first assignment of error is not well taken.
 II. {¶ 16} In his second assignment of error, appellant contends that the trial court erred in granting summary judgment in favor of appellee. The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Lorain Natl. Bank v. Saratoga Apts. (1989),61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude "that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 17} Appellant suggests that a default admission on a fact central to the merits of the case may not serve as the basis for a Civ.R. 56(C) motion for summary judgment. Appellant asserts that the trial court erred in granting appellee's motion for summary judgment because appellee "failed to demonstrate how it would suffer any pecuniary loss, undue hardship or unfair prejudice by the trial court's allowance of the withdrawal or amendment of the untimely admissions," and that appellee "failed to prove that the presentation of the merits of the action would be subserved if the court were to permit withdrawal or amendment of the admissions."
 {¶ 18} With respect to appellant's argument, "[a] request for admission can be used to establish a fact, even if it goes to the heart of the case. This is in accord with the purpose of the request to admit — to resolve potentially disputed issues and thus to expedite the trial." Cleveland Trust Co. v. Willis,
supra at 67; see also Thompson v. Weaver, supra ("[U]nanswered requests for admission render the matters requested conclusively established for the purpose of the suit * * * A motion for summary judgment may be based on such admitted matter."). Appellant's Civ.R. 36(A) admission conclusively established that he suffered an injury at a job site other than that of appellee. This admission, central to appellant's case, left no genuine issue of material fact in dispute. We conclude, therefore, that summary judgment based on the deemed admission was appropriate. Accordingly, appellant's second assignment of error is not well taken.
 {¶ 19} On consideration, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Arlene Singer, P.J., and William J. Skow, J., concur.