DECISION.
{¶ 1} John Homan was a police officer in Cincinnati. He claimed that he had a legal right to be promoted to police sergeant. Homan sued the city and moved for summary judgment, seeking a writ of mandamus to compel his promotion. The city also moved for summary judgment. The trial court refused to issue the writ and entered summary judgment for the city. We affirm.
 I. Court Order Based on Contingency {¶ 2} In November 2002, Homan took the promotional exam for police sergeant. Shortly thereafter, the Civil Service Commission approved and posted promotional eligible list 02-52. The list was set to expire in December 2003. But in January 2004, a trial court entered a preliminary injunction that preserved and expanded list 02-52. Specifically, the court order in State ex rel. Lee v. Cincinnati stated, "In the event that it is determined that the vacancy created by Lt. Col. Ronald Twitty should be filled from the Promotional Eligible List created from Examination No. 01-41, any and all rights to promotion or back pay created as a result thereof at the rank of Police Sergeant shall be preserved on Promotional Eligible List No. 02-52. "[1]
 {¶ 3} In July 2005, Howard Rahtz was promoted from lieutenant to captain. An August 2005 memo from the city solicitor discussed the vacancy in the lieutenant position and recommended that Michael Fern, the next person on the eligible list, be promoted. Fern was promoted from sergeant to lieutenant in August 2005.
 {¶ 4} The next person on eligible list 02-52 to be promoted to sergeant (to fill Fern's former position) was Ryan House. House resigned from the police department. The next person on the list was Homan. *Page 3 
 {¶ 5} We note that Homan states in his brief that the August 2005 memo from the city solicitor recommended that House be promoted to sergeant. But the record does not reflect this. The memo in the record is a one-page document. Its title suggests that it would discuss the vacancy in the sergeant's position. But it only refers to the order in theLee case. It does not specifically mention House, Homan, or eligible list 02-52.
 {¶ 6} Homan sued in May 2006, seeking a writ of mandamus. The city answered the complaint. Homan sent a first set of requests for admissions to the city in April 2007. The city never answered the requests for admissions. The resulting admissions established that the rights of promotion on eligible list 02-52 were preserved and then extended by the Lee order, and that House was next on the list, followed by Homan. But the admissions did not specifically establish that either House or Homan had the right to be promoted to police sergeant.
 II. SERB Case Determined Contingency {¶ 7} In October 2007, this court decided State Emp. Relations Bd. v.Queen City Lodge No. 69, Fraternal Order of Police ("the SERB case"). That case determined that the position vacated by Twitty, as referred to in the Lee case, was an unclassified civil service position. Unclassified civil service positions are exempt from competitive-examination requirements, and the city was therefore not required to fill the vacancy from a promotional eligible list. Thus, the contingency in the Lee order did not occur.
 {¶ 8} Based on the SERB case, the trial court denied Homan's motion for summary judgment and granted summary judgment to the city. Homan now appeals. *Page 4 
 III. Assignments of Error {¶ 9} Homan asserts two assignments of error: the trial court erred by (1) denying Homan's motion for summary judgment, and (2) granting the city's motion for summary judgment.
 {¶ 10} A trial court may enter summary judgment if it determines that (1) no genuine issue of fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) when viewing the evidence most strongly in favor of the non-moving party, reasonable minds can only come to a conclusion favorable to the moving party.[2] This court reviews a trial court's entry of summary judgment de novo.[3]
 {¶ 11} Homan would have only been entitled to a writ of mandamus compelling his promotion if he had established that he had a clear legal right to the promotion, that the city had a clear legal duty to promote him, and that he had no other remedy at law.[4]
 IV. List Expired After SERB Decision {¶ 12} Although the contingency in the Lee order did not happen, Homan argues that the unanswered requests for admissions and the city solicitor's memo clearly established Homan's legal right to be promoted. Not so.
 {¶ 13} The city did not answer Homan's requests for admissions. Civ. R. 36 requires parties to timely answer requests for admissions, either by objections or by admissions. The city's failure to respond to these requests resulted in the requests becoming admissions.[5]
 {¶ 14} But none of the admissions led to the conclusion that Homan was entitled to the sergeant's position. Through its failure to answer, the city admitted that *Page 5 
list 02-52 had been preserved and extended by the Lee order. But that extension was based upon a contingency. Following the SERB case, the contingency in the Lee order did not happen. Thus, list 02-52 was no longer preserved, and the right to be promoted to police sergeant never vested for Homan.
 {¶ 15} Moreover, the city solicitor's memo did nothing to bolster Homan's case. It did not mention Homan or House. It also did not specifically refer to list 02-52. Thus it had no bearing on this case. So we affirm the judgment of the trial court.
Judgment affirmed.
SUNDERMANN, P.J., and HENDON, J., concur.
[1] (2004) Hamilton C.P. No. 0308498.
[2] Civ. R. 56(c).
[3] GEICO Gen. Ins. Co. v. State Farm Mut. Auto. Ins. Co., 1st. Dist. No. C-070733, 2008-Ohio-4117, at ¶ 10.
[4] State ex rel. Lorain v. Stewart, 119 Ohio St.3d 222,2008-Ohio-4062, 893 N.E.2d 184, at ¶ 23.
[5] Cleveland Trust Co. v. Willis (1985), 20 Ohio St.3d 66, 67,485 N.E.2d 1052. *Page 1