[Cite as *Crespo v. Harvey*, 2012-Ohio-5312.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

ANGELA CRESPO                                  :
                                               :        Appellate Case No. 25236
      Plaintiff-Appellant                :
                                               :        Trial Court Case No.   2011-CV-1701
v.                                             :
                                               :
RANDAL A. HARVEY, Esq., et al.                 :        (Civil Appeal from
                                               :         Common Pleas Court)
      Defendant-Appellees                :
                                               :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 16th day of November, 2012.

. . . . . . . . . . .

ALFRED W. SCHNEBLE, III, Atty. Reg. #0030741, 11 West Monument, Suite 402, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

NEIL F. FREUND, Atty. Reg. #0012183, and SHANNON K. BOCKELMAN, Atty. Reg. # 0082590, Freund, Freeze & Arnold, Fifth-Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
      Attorneys for Defendant-Appellees

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Angela Crespo appeals the trial court's entry of summary judgment for

defendant-appellees, attorney Randal Harvey and his law firm, on her claim of legal malpractice. Contrary to the trial court's decision, we conclude that Crespo has shown that a triable issue of fact exists, at least in part, with respect to whether Harvey's alleged negligent conduct caused her to suffer damage or loss. Summary Judgment should have been partially granted and partially denied. We affirm, in part, reverse, in part, and remand for further proceedings.

## I.

{¶ 2}    In June 2008, Crespo bought a house. To finance the purchase, she borrowed, in addition to $95,000 from a bank, $195,000 from her mother. Crespo signed a promissory note for her mother. The note states that Crespo must begin paying her mother $250 each month in July 2010 – "[f]or the first two years there will be no structured payments." Immediately after borrowing the money, Crespo made payments to her mother sporadically. (Crespo Deposition, 48; Crespo Answers to Interrogatories, No. 16). Almost a year later, in April 2009, Crespo signed a mortgage on the house for her mother. The mortgage was recorded that same month.

{¶ 3}    Soon after, Crespo met with attorney Harvey to discuss the possibility of bankruptcy. She asserts that she stressed to him that it was important to her that she not lose her house. In June 2009, with Harvey's assistance, Crespo filed for Chapter 7 bankruptcy. In her bankruptcy petition she listed the value of her house at $285,000.00 with a first mortgage to Flagstar bank with a balance of $89,336.00, and a second mortgage to her mother with a balance of $195,000.00. The bankruptcy court "avoided" her mother's mortgage as a voidable preferential transfer of property. Federal bankruptcy law "provides that in bankruptcy

proceedings the trustee may avoid any preferential transfers of property." *Palmer v. Young*, 2d Dist. Miami No. 87 CA 49, 1988 WL 88694, *1 (Aug. 25, 1988). Specifically, the bankruptcy trustee may avoid any transfer of a debtor's interest in property if the transfer was made within 90 days before the debtor filed the bankruptcy petition, but the voidable preference time frame is extended to one year if the transfer was made to an "insider" (here, Crespo's mother.) 11 U.S.C. 547(b)(4)(B) and 11 U.S.C. 101(31). This allows the trustee to recover an interest in property for the estate's benefit. 11 U.S.C. 550(a). Mother's mortgage was avoided. The trustee sold the house for $255,000, free of the second mortgage, and used the money to pay creditors. From the proceeds of the house, Crespo received an exemption payment of $20,200, the maximum statutory amount under R.C. 2329.66(A)(1)(a). The net proceeds the trustee received from the sale of the house after the first mortgage, commission, taxes and expenses was $132,806.95.

{¶ 4}    Crespo filed an action against Harvey asserting a claim of legal malpractice. The claim alleges that Harvey did not explain preferential avoidances to her, despite the fact that she told him how important it was to her that she not lose her house. As a result of this negligent conduct, the claim asserts, Crespo suffered damages – loss of the house and related expenses and the loss of equity in the house.

{¶ 5}    Harvey moved for summary judgment. He contended that there was no evidence that Crespo suffered any damages. Harvey said that the evidence shows just the opposite, i.e., that she was better off after the bankruptcy proceedings. The trial court entered summary judgment for Harvey. The court said that her damages were speculative. Suggesting that it thought she was better off, the court pointed out that although Crespo asserted that she

lost $3,700 in house equity, she received a $20,200 exemption from its sale through the bankruptcy.

{¶ 6}    Crespo appealed.

## II.

{¶ 7}    Crespo presents one assignment of error, alleging that the trial court erred by entering summary judgment for Harvey. To avoid summary judgment, a non-moving party must show that there is a genuine issue of material fact for trial. Civ.R. 56(E). The non-moving party does this by setting forth specific facts that are supported by Civ.R. 56(C) evidence. *Id.*; *Endicott v. Johrendt*, 10th Dist. Franklin No. 99AP-935, 2000 WL 796576, *3 (June 22, 2000), citing *Jackson v. Alert Fire & Safety Equip., Inc.*, 58 Ohio St.3d 48, 52, 567 N.E.2d 1027 (1991). Based on those facts, if a reasonable mind could conclude in favor of the non-moving party, then a triable issue exists on which summary judgment should not be rendered. *See* Civ.R. 56(C).

{¶ 8}    "[T]o establish a cause of action for legal malpractice based on negligent representation, a plaintiff must show (1) that the attorney owed a duty or obligation to the plaintiff, (2) that there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law, and (3) that there is a causal connection between the conduct complained of and the resulting damage or loss." *Vahila v. Hall*, 77 Ohio St.3d 421, 674 N.E.2d 1164 (1997), syllabus. Because Harvey moved for and the trial court rendered summary judgment based solely on the third element, we limit our review to that element.

### A. What must Crespo prove?

{¶ 9}    With regard to damage issues, plaintiff must prove that she suffered the loss or

damage she alleges, and that the defendant-attorney's alleged negligent conduct was the cause of the loss or damage. Case law supports the notion that if the plaintiff claims that she would have received a better outcome in an underlying matter but for the defendant-attorney's negligent conduct, the plaintiff must prove that she would have prevailed in the underlying matter and the outcome would have been better. *See Environmental Network Corp. v. Goodman Weiss Miller, L.L.P.*, 119 Ohio St.3d 209, 2008-Ohio-3833, 893 N.E.2d 173 (premising a legal-malpractice claim on the theory that the outcome would have been better if defendant-attorneys had tried the underlying matter to conclusion rather than settled it). Such a claim "places the merits of the underlying litigation directly at issue because it stands to reason that in order to prove causation and damages, [the plaintiff] must establish that [the defendant-attorney]'s actions resulted in settling the case for less than [the plaintiff] would have received had the matter gone to trial." *Id*. at ¶ 18. But the outcome of the underlying matter is immaterial if the plaintiff's legal-malpractice claim asserts that plaintiff "sustained losses regardless of whether [his or her] underlying case was meritorious." *Id*. at ¶ 18.

{¶ 10}  Crespo's sole theory of recovery is that if Harvey had told her that by filing for bankruptcy when she did, her mother's mortgage could be avoided, meaning Crespo  could lose her home, she would not have filed the petition. We disagree with Harvey that Crespo's claim asserts that she would have had a better bankruptcy outcome if he had told her about preferential avoidance. Some of the losses that Crespo asserts she suffered are a result of her filing for bankruptcy, not an outcome of the bankruptcy proceeding. Consequently Crespo does not have to prove that Harvey's alleged failure to fully advise her resulted in a worse outcome. Crespo's legal-malpractice claim does not place the merits of the bankruptcy

proceeding directly at issue.

{¶ 11}   A legal-malpractice case is about what the plaintiff "suffered on account of * * * bad lawyering." *Paterek v. Petersen & Ibold*, 118 Ohio St.3d 503, 2008-Ohio-2790, 890 N.E.2d 316, ¶ 30. So the question is, had the defendant-attorney not been negligent, what losses would the plaintiff have avoided? *Id*. The loss that the plaintiff must prove is a "calculable financial loss." *Trombley v. Calamunci, Joelson, Manore, Farah & Silvers, L.L.P.*, 6th Dist. Lucas No. L-04-1138, 2005-Ohio-2105, ¶ 34, citing *Nu-Trend Homes, Inc. v. Law Offices of DeLibera, Lyons & Bibbo*, 10th Dist. Franklin No. 01AP-1137, 2003-Ohio-1633, ¶ 42. Given the legal-malpractice claim in this case, in order to prove causation and damages, Crespo must prove that Harvey's alleged failure to fully advise her resulted in her suffering damage or loss.

### B. Has Crespo shown that causation or damages is a triable issue?

{¶ 12}   Crespo asserts that, as a result of Harvey's alleged negligent conduct, she lost her house. And, as a result, Crespo asserts, she also incurred moving expenses, she now pays more each month to live in an apartment than she paid each month to live in her house, and, because the apartment is smaller than the house, she is incurring storage expenses. We conclude that 1) loss of the house and 2) incurred peripheral expenses are two separate and distinct damage concepts.

{¶ 13}   With respect to loss of the house itself, Crespo's Memorandum in Opposition to Defendant's Motion for Summary Judgment, filed on March 23, 2012, argued "There has been a Three Thousand Seven Hundred 15/100 Dollars ($3,700.15) loss in equity." This was calculated from the bankruptcy petition estimated value of the house ($285,000.00),

minus counsel's estimated outstanding balance of the declining Flagstar first mortgage ($86,299.85) and minus the mother's temporarily static second mortgage balance ($195,000.00), leaving Crespo's net calculated equity of $3,700.15.[1]

{¶ 14}   However, in her affidavit attached to the Memorandum in Opposition, Crespo stated, "I have suffered damages by the loss of my home * * * that I have valued at what Trustee Spaeth received. * * * ($132,806.95)." Affidavit of Angela Crespo ¶ 2. The problem with Crespo's affidavit claiming damages of $132,806.95 is that the net proceeds of sale received by the trustee ignores the mother's second mortgage because mother's mortgage was avoided by the trustee who sold the house free of mother's mortgage. But Crespo could not avoid mother's mortgage. The essence of her assertion that she would have been able to keep her home by delaying her bankruptcy depends upon the assumption that she would have reaffirmed both first and second (mother's) mortgages, and, with her allowable home exemption, she could then have shielded her home from the other creditors. She might have kept her home, but it would have still been subject to the first and second mortgages, with little, if any equity. Consequently, as a matter of law, the damages she valued in the affidavit for loss of her home are not recoverable by her.

---

[1] We question whether $285,000.00 is a true value for the house because it was sold by the trustee for only $255,000.00, suggesting negative equity. Nevertheless, because we construe the facts in plaintiff's favor, we use the higher figure.

{¶ 15}   The damages Crespo could arguably recover for loss of the home itself would be the monetary value of the equity she had in the home at the time of the loss. According to her counsel's previously described calculation, that equity was $3,700.15. The problem with this figure is that Crespo received considerably more than that (the $20,200.00 maximum statutory exemption from execution) directly from the house sale. Therefore, she received all the economic value from the house to which she was entitled. In short, she didn't incur economic damages by the sale of the house.[2] To that extent, we agree the trial court properly granted summary judgment for lack of damages associated with the loss   of the house itself.

{¶ 16}   Crespo's claim for moving expenses, increased housing expenses and storage expenses are another matter.   These asserted damages are supported by Crespo's affidavit which is Civ.R. 56(C) evidence. If Crespo had been able to delay the bankruptcy, and she reaffirmed the mortgages, she could conceivably have kept the house   and she would not have incurred those peripheral expenses. To that extent, we believe the trial court erred by granting the defendant's Motion for Summary Judgment.

---

[2]   Crespo's mother lost considerably. She went from a secured creditor to a general unsecured creditor and wound up receiving about $10,500.00 for her $195,000.00 loan.

{¶ 17} We recognize it appears that Crespo would have faced a daunting task to hold out for about 10 more months, with many creditors at her heels, before filing bankruptcy, to prevent her mother's mortgage from being avoided. But, just because it may be unlikely, doesn't mean she can be denied the opportunity to prove it. The facts show that arguably, as a result of Harvey's alleged negligent conduct, Crespo has suffered damage or loss. *Compare Vahila*, 77 Ohio St.3d at 427, 674 N.E.2d 1164.[3] Construing the evidence most favorably toward her, a reasonable mind could conclude that Crespo suffered loss and that that loss was the proximate result of Harvey's alleged negligent conduct.

{¶ 18} Our conclusion here does not mean that Crespo will ultimately succeed on her legal-malpractice claim. The fact finder might find that she is not entitled to recover anything. Or the fact finder might conclude that Harvey's conduct wasn't negligent. All our conclusion here means is that Crespo has satisfied her Civ.R. 56(E) burden on the third element of her claim by "effectively rais[ing] triable issues of fact not susceptible of summary judgment." *Vahila* at 430.

{¶ 19} The trial court's judgment is affirmed, in part, and reversed, in part. Partial Summary Judgment was correctly entered to the extent that the plaintiff does not have compensable economic damages for any loss of equitable value resulting from the sale of her house. Summary Judgment for other damages associated with appellant's claim, such as moving expenses, increased living costs or storage expenses, should have been denied and we

---

[3] "The majority of the allegations stem from the failure of [the defendant-attorneys] to properly disclose all matters and/or legal consequences surrounding the various plea bargains * * * and the settlement arrangements agreed to by [the plaintiffs] with respect to the several civil matters. * * * [The plaintiffs] have * * * asserted that [the defendant-attorneys] failed to adequately protect their interests in many of the underlying matters * * *. Thus, given the facts of this case, [the plaintiffs] have arguably sustained damage or loss regardless of the fact that they may be unable to prove that they would have been successful in the underlying matter(s) in question." *Vahila* at 427.

reverse the judgment of the trial court with regard to those issues. This case is remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Alfred W. Schneble, III
Neil F. Freund
Shannon K. Bockelman
Hon. Dennis J. Adkins