[Cite as *Garrick v. Greater Cleveland Reg. Trans. Auth.*, 2013-Ohio-5029.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99547**

# WOODROW GARRICK, ET AL.

PLAINTIFFS-APPELLANTS

vs.

# GREATER CLEVELAND REG. TRANS. AUTH.

DEFENDANT-APPELLEE

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-777134

**BEFORE:** Blackmon, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**ATTORNEY FOR APPELLANTS**

Michael Aten
Westgate Towers, Suite 501
20525 Center Ridge Road
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Kathleen M. Minahan
Lisa Anne Cottle
Greater Cleveland R.T.A.
Root-McBride Building, 6th Floor
1240 West 6th Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Woodrow Garrick ("Garrick")[1] appeals the trial court's denial of his motion for relief from judgment and assigns the following three errors for our review:

I. The trial court erred in denying appellant's motion for relief from default judgment on appellee's counterclaim.

II. The trial court erred in denying appellant's motion to withdraw admissions.

III. The trial court erred in granting appellee's motion for summary judgment.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision.[2] The apposite facts follow.

## Facts

**{¶3}** On December 4, 2009, Garrick was driving his vehicle on Shaker Square Boulevard, with Cleola Vester as his passenger, when his vehicle collided with a Regional Transit Authority train. On July 6, 2010, Garrick and Vester filed a complaint against the Greater Cleveland Regional Transit Authority ("RTA"), alleging that as a result of the collision Garrick and Vester suffered bodily injuries. They voluntarily

---

[1] The complaint also contained Garrick's passenger, Cleola Vester, as a plaintiff. However, she is not listed on the notice of appeal.

[2] Our review of the record shows that Garrick failed to attach to his notice of appeal a signed journal entry of the judgment from which he is appealing. Pursuant to App.R. 3(A), "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal." Thus, because the notice of the appeal was timely filed, we have jurisdiction to consider the appeal in spite of appellant's failure to attach a journal entry. However, we advise the appellant in the future to attach a signed journal entry to the notice of appeal.

dismissed the complaint without prejudice, and on March 1, 2012, Garrick and Vester refiled the complaint.

{¶4}  RTA filed an answer to the complaint and included a counterclaim alleging that the accident was Garrick's fault and sought payment for the property damage sustained by the train and indemnification for the injuries suffered by Vester.

{¶5}  On May 23, 2012, RTA filed a motion for default judgment on the counterclaim because Garrick and Vester had failed to file an answer.  RTA argued that because the plaintiffs failed to file an answer they admitted to the facts alleged in its counterclaim, namely, that Garrick negligently caused the collision with the train and was responsible for the damages incurred as a result.  Attached to the motion was an estimate to the monetary damage to the train in the amount of $781.  On that same date, RTA filed a motion to deem as admitted its request for admissions from Garrick because Garrick had failed to respond to the request.  On June 7, 2012, RTA filed a motion to compel Garrick to respond to RTA's discovery requests.

{¶6}  On July 10, 2012, the trial court granted RTA's motions and held:

Defendant [RTA's] motion to compel is unopposed and granted.  Plaintiffs to respond to discovery requests within 10 days from the date of this order or face possible sanctions, including dismissal.Defendant [RTA's] motion for default judgment against plaintiff/counterclaim defendant Woodrow Garrick is unopposed and granted.  Judgment is rendered for defendant [RTA] and against plaintiff/counterclaim Woodrow Garrick in the amount

of $781.00 and interest at the statutory rate from December 4, 2009. Furthermore, to the extent plaintiff Cleola Vester recovers any judgment against [RTA], [RTA] is entitled to full indemnification and contribution from defendant Garrick for the amount recovered by Plaintiff Vester. [RTA's] motion to deem admitted is unopposed and granted.

Journal Entry, July 10, 2012.

{¶7} Thus, only the claims in Garrick's complaint remained. On August 16, 2012, RTA filed a motion for summary judgment, or in the alternative, a motion to dismiss plaintiffs' complaint with prejudice, arguing that Garrick's admissions entitled it to judgment in its favor. On August 31, 2012, Garrick's attorney filed a report from an expert witness regarding the back injuries sustained by Garrick. On September 13, 2012, Garrick's counsel requested a one week extension to respond to RTA's motion for summary judgment, which the court granted, ordering a response brief to be filed by October 1, 2012.

{¶8} On September 21, 2012, plaintiffs filed a motion in opposition to summary judgment. Included in the motion was Garrick's request that the court withdraw the admissions that it had deemed admitted. Garrick contended allowing the admissions to stand deprived him of the ability to defend against the motion for summary judgment.

{¶9} On October 1, 2012, RTA opposed Garrick's request to withdraw the admissions and also argued that the default judgment on its counterclaim entitled it to

summary judgment on plaintiffs' claims. On January 3, 2013, Garrick filed a motion for relief from judgment from the default judgment on RTA's counterclaim.

{¶10} The trial court conducted a settlement conference on January 15, 2013; however, the matter failed to settle. On January 18, 2013, the trial court granted RTA's motion for summary judgment and denied Garrick's motion for relief from default judgment.

## Motion to Withdraw Admissions

{¶11} In his first assigned error, Garrick argues that the trial court erred by refusing to allow him to withdraw his admissions. He argues that the trial court's denial of his motion to withdraw prevented him from being able to raise arguments in opposition to RTA's motion for summary judgment.

{¶12} Under Civ.R. 36(A) and (B), the matters set forth in requests for admissions are automatically deemed admitted if they are not answered in accordance with the rule. *Bank of N.Y. v. Jordan*, 8th Dist. Cuyahoga No. 88619, 2007-Ohio-4293, ¶ 34. The facts deemed admitted are conclusively established unless the court, on motion, permits withdrawal or amendment of the admission. *Id*. "A request for admission can be used to establish a fact, even if it goes to the heart of the case." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985).

{¶13} We do not find the court's denial of Garrick's motion to withdraw the admissions constituted an abuse of discretion. Civ.R. 36(B) discusses when withdrawal or amendment is permitted:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Civ.R. 16 governing modification of a pretrial order, the court *may permit* withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

(Emphasis added.)

{¶14} The clear language of the rule does not require the trial court to withdraw or amend the admission even if the test for allowing withdrawal or amendment is shown. *Summers v. E. Cleveland*, 8th Dist. Cuyahoga No. 98277, 2013-Ohio-1339. A trial court's decision on a motion to withdraw admissions will not be disturbed on appeal absent an abuse of discretion. *Id.*; *Aetna Cas. & Sur. Co. v. Roland*, 47 Ohio App.3d 93, 547 N.E.2d 379 (10th Dist.1988). "A party shall not be relieved of the duty to submit timely responses absent 'compelling' circumstances." *Cheek v. Granger,* 8th Dist. Cuyahoga No. 78805, 2001 Ohio App. LEXIS 4905 (Nov.1, 2001). The trial court "has a greater ability to assess the parties' ability and willingness to cooperate in discovery, and hence has broad discretion in controlling the conduct of discovery and in issuing sanctions for violations." *Id.*

**{¶15}** Here, Garrick argues that because the facts admitted are central to the case, the court abused its discretion by refusing to withdraw the admissions. However, "failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by the requesting party at trial." *Jade Sterling Steel Co. v. Stacey*, 8th Dist. Cuyahoga No. 88283, 2007-Ohio-532.

**{¶16}** Moreover, the only excuses provided by Garrick's counsel for failing to respond to RTA's request for admissions were that the plaintiffs are "older individuals" who needed more time to obtain paperwork requested in the document request and that Garrick was in the midst of a foreclosure on his home. The request for admissions, however, contained questions that were not complicated as they dealt with facts surrounding the accident. Garrick's counsel could have also requested more time to obtain the documents instead of ignoring both the request and the court's order compelling plaintiffs to respond. The desire to withdraw the admissions only arose when plaintiffs realized that RTA was filing a motion for summary judgment based on the admissions.

**{¶17}** This case was also a refiled case. Discovery had started in the original action prior to the dismissal. Therefore, Garrick's counsel had already engaged in some discovery that could have been used in responding to the refiled counterclaim.

**{¶18}** Additionally, default judgment had already been rendered on RTA's counterclaim at the time that Garrick attempted to withdraw the admissions. The default judgment on the counterclaim found Garrick at fault for causing the accident. Therefore,

the withdrawal of the admissions would not have affected Garrick's ability to present his case because the default judgment had already done so. Accordingly, Garrick's first assigned error is overruled.

## Motion for Relief from Judgment

{¶19} In his second assigned error, Garrick argues that the trial court abused its discretion by denying the motion for relief from judgment.

{¶20} In reviewing a Civ.R. 60(B) ruling, an appellate court must determine whether the trial court abused its discretion. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that:

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. If any of these three requirements is not met, the motion should be overruled. *Svoboda v. Brunswick*, 6 Ohio St.3d 348, 351, 453 N.E.2d 648 (1983).

**{¶21}** In the motion for relief from judgment Garrick argued that he was entitled to relief from judgment on the basis of excusable neglect pursuant to Civ.R. 60(B)(1). Garrick's attorney argued that excusable neglect applied because Garrick had limited financial resources, the attorney was working on other cases for Garrick, and Garrick's "age and mindset" made it difficult to obtain discovery.

**{¶22}** On appeal, Garrick has obtained new counsel who now argues that the prior attorney's neglect was inexcusable and should not be imputed to Garrick. This is an entirely new argument that was not presented to the trial court. As we held under similar circumstances in *Tartaglia v. Blank*, 8th Dist. Cuyahoga No. 89365, 2007-Ohio-6993:

> We do not contest appellant's version of the facts as they relate to his attorney's conduct; however we note it was that attorney who filed the motion to vacate on grounds other than his own poor representation. It seems disingenuous for us to reverse based on the trial court's abuse of discretion when appellant raises a different argument here than the one he raised in his motion to vacate. * * * Appellant wants us to find that the court abused its discretion by not finding that his attorney's conduct constituted "inexcusable neglect" after the ruling on the motion to vacate. We cannot do that.

*Id.* at ¶ 19. Similarly, in the instant case, Garrick's prior attorney filed the motion for relief from judgment and did not set forth his own incompetency as grounds for vacating

the judgment. This is a new argument set forth on appeal by Garrick's newly retained counsel. Thus, because this argument is being raised for the first time on appeal, we cannot address it. It is fundamental to appellate review that issues not presented to the trial court may not be initially reviewed on appeal, such that a party may not assert new legal theories for the first time before the appellate court. *Kleinfeld v. Link*, 9 Ohio App.3d 29, 457 N.E.2d 1187 (3d Dist.1983); *AMF, Inc. v. Mravec*, 2 Ohio App.3d 29, 440 N.E.2d 600 (8th Dist.1981). Accordingly, Garrick's second assigned error is overruled.

## Motion for Summary Judgment

{¶23} In his third assigned error, Garrick argues that the trial court erred by granting RTA's motion for summary judgment because the motion was predicated upon the trial court's erroneous denial of his motion to withdraw admissions and motion for relief from judgment.

{¶24} We have concluded in the above assigned errors that the trial court did not err by denying Garrick's motion to withdraw the admissions or motion for relief from judgment. Therefore, the trial court did not err by granting summary judgment in RTA's favor on the claims raised in Garrick's complaint. Accordingly, Garrick's third assigned error is overruled.

{¶25} Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR