[Cite as *Crespo v. Harvey*, 2014-Ohio-1755.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

ANGELA CRESPO

       Plaintiff-Appellant

v.

RANDAL A. HARVEY, ESQ., et al.

       Defendant-Appellee


Appellate Case No. 25861

Trial Court Case No. 2011-CV-1701

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 25th day of April, 2014.

. . . . . . . . . . .

ALFRED SCHNEBLE, Atty. Reg. No. 30741, 11 West Monument Avenue, Suite 402, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

NEIL FREUND, Atty. Reg. No. 12183, SHANNON BOCKELMAN, Atty. Reg. No. 82590, 1 South Main Street, Suite 1800, Dayton, Ohio 45402
      Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

WRIGHT, J.

{¶ 1} Appellant, Angela Crespo, appeals from the judgment of the Montgomery County Court of Common Pleas granting summary judgment in favor of Appellees Randal A. Harvey and Randal A. Harvey, Co. LPA.[1]   At issue is whether the trial court abused its discretion in not allowing Crespo to withdraw various Civ.R. 36 admissions to requests that went unanswered.   For the reasons that follow, we reverse and remand.

{¶ 2} The facts of this case have been discussed in a previous opinion issued by the court.   *See Crespo v. Harvey*, 2d Dist. Montgomery No. 25236, 2012-Ohio-5312. Nevertheless, pertinent to the issue of this appeal is the following.   In 2009, Crespo financed a purchase of a home in part with a loan from her mother.   Crespo granted a mortgage to her mother which was recorded.   Shortly thereafter, Crespo met with Harvey to inquire about filing for Chapter 7 bankruptcy.   According to Crespo, she told Harvey that if she filed for bankruptcy her number one priority was to keep the house.   Shortly after the meeting, Crespo filed a petition for bankruptcy listing her house as an asset.   Because her mortgage to her mother was less than a year old, the bankruptcy court treated it as a voidable preferential transfer of property.   The trustee in bankruptcy ultimately sold Crespo's home to satisfy her debts.

{¶ 3} Crespo then instituted the present malpractice action against Harvey alleging that he did not explain preferential avoidances to her when she petitioned for bankruptcy. Because of this alleged negligent conduct, Crespo claimed she suffered damages namely in the loss of equity in her house and other various associated expenses with moving.   Harvey

---

[1]  For ease of reference we will simply refer to both appellees as Harvey.

moved for summary judgment asserting that Crespo's damages were speculative. The trial court granted summary judgment; however, this court reversed finding that Crespo's damages associated with moving were not speculative.

{¶ 4} On May 1, 2013, Harvey served a request for admissions on Crespo's attorney. The request for admissions asked Crespo to admit that: (1) she was not able to calculate an exact figure for the damages, (2) the reason she was not able to calculate her damages is because those damages are too speculative, (3) she suffered no economic damages in relation to her move from her house over and above the amount of the statutory exemption she received in her bankruptcy case and the amount of debt which was discharged by the bankruptcy court, (4) appellees' actions were not the proximate cause of her alleged relocation expenses from her move, and (5) Harvey did not breach any applicable standard of care relative to the handling of her bankruptcy filing. Crespo did not respond within the 28 days as required by Civ.R. 36(A) and therefore the requests for admissions became conclusively established as fact. Harvey moved for summary judgment based on the facts from the admissions. On June 11, 2013, Crespo filed a motion for leave to respond to the request for admissions out of time. According to Crespo, she had been closing a deal on a new house and moving into it during the 28-day window to respond to the admissions.[2] Crespo claimed the "onerous task of relocating" resulted in Crespo having all of her documents, including the discovery request at issue, "in transit" at some point during the 28-day window. The trial court denied Crespo's motion to answer the discovery request later,

---

[2] According to Crespo, she closed on the house on May 16, 2013 and obtained possession May 31, 2013.

and on the basis of the admissions, the trial court granted summary judgment for Harvey. This appeal followed.

{¶ 5} As her sole assignment of error, Crespo alleges that:

The trial court erred by granting appellees summary judgment based on deemed admissions and denying appellant's motion for leave to file her answers to admissions out of time. Because her untimely answers would have subserved the presentation of the merits of her case, she provided a compelling or substantial reason for her noncompliance. Appellees failed to offer any evidence that granting Appellant's motion would prejudice them in maintaining their defense on the merits.

{¶ 6} We review a grant of summary judgment de novo, which means "we apply the standards used by the trial court." *Brinkman v. Doughty*, 140 Ohio App.3d 494, 497, 748 N.E. 2d 116 (2d Dist. 2000). Summary judgment is appropriate when a trial court correctly finds:

"(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E. 2d 46 (1978). In a legal malpractice action, such as this one, the plaintiff bears the burden of demonstrating "(1) an attorney-client relationship giving rise to a duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Vahila v. Hall*, 77 Ohio St. 3d 421, 424, 674 N.E. 2d

1164 (1997) (quotation omitted).

{¶ 7} As a preliminary matter, Crespo alleges that her admissions should be weighed against other evidence in the record. In general, admissions are statements that are weighed against all other evidence. "Whereas stipulations remove an issue from the litigation, evidentiary admissions must still be weighed against contradictory statements and can be explained away by a party." *McLeod v. McLeod*, 11th Dist. Ashtabula No. 2012-A-0030, 2013-Ohio-4546, ¶ 32. However, Civ.R. 36 admissions are an exception to this general rule. Per Civ.R. 36(B), "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." The word "conclusively" establishes that evidence may not be used to contradict an admission made pursuant to Civ.R. 36. *See also* Fed.R. Civ.P. 36, advisory committee notes on 1970 amendment ("The new provisions give an admission a conclusively binding effect, for purposes only of the pending action, unless the admission is withdrawn or amended."). Therefore, if the trial court did not abuse its discretion regarding the motion to withdraw the admission, the judgment of the trial court must be affirmed.

{¶ 8} Under Civ.R. 36(B):

Subject to the provisions of Rule 16 governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.

{¶ 9} Motions to withdraw admissions are reviewed for an abuse of discretion.

*Snyder v. Ford Motor Co.*, 3d Dist. Allen No. 1-05-41, 2005-Ohio-6415, ¶ 14. An abuse of discretion is defined as the "failure to exercise sound, reasonable, and legal decision-making." *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62. "When a pure issue of law is involved in appellate review, the mere fact that the reviewing court would decide the issue differently is enough to find error[.] . . . By contrast, where the issue on review has been confided to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error." *Id.* ¶ 67 (footnote omitted).

{¶ 10} There is a two-prong test for determining whether a trial court may allow a withdrawal or an amendment to a previous admission. Under the first prong, the party seeking to amend or withdraw the admission must show that doing so would aid in presenting the merits of the case. *Kutscherousky v. Integrated Communs. Solutions, LLC*, 5th Dist. Stark No. 2004 CA 00338, 2005-Ohio-4275, ¶ 19. Once that prong is met, the responding party must show that prejudice would result if the admissions were withdrawn or amended. *Balson v. Dodds*, 62 Ohio St. 2d 287, 405 N.E.2d 293 (1980), paragraph two of the syllabus. Additionally, we have adopted the rule that there must be compelling circumstances to excuse the movant's reason for not timely responding to the requested admissions. *Bd. of County Commrs v. Stewart*, 2d Dist. Clark No. 09-CA-104, 2010-Ohio-5290, ¶ 34. Though we have not previously defined or detailed what constitutes compelling circumstances, in *Stewart*, we concluded that the "lack of evidentiary materials submitted in connection with the response to summary judgment, and the lack of any real excuse for failing to file timely responses to the request for admissions" was insufficient to constitute compelling circumstances *Id.*, ¶ 36.

{¶ 11} We first note that Civ.R. 36(B) is based on its federal equivalent as to whether an admission can be withdrawn. *See Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007). Under the federal test, the first prong is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1994); *see also Kutscherousky*, 2005-Ohio-4275, ¶ 19. In the case at bar, the first prong of the test is clearly satisfied. Crespo's admissions literally remove elements of her malpractice action from consideration, as shown by the motion for summary judgment.

{¶ 12} We next consider whether Harvey will be prejudiced if the objections are permitted to be withdrawn. Harvey points to two possible means of prejudice. First, he contends that his motion for summary judgment relied upon the admissions and secondly, he contends that he has been unable to acquire calculable damages from Crespo. The first argument can be dispensed with easily. Preparing a motion for summary judgment on which the admissions are based is generally not seen as prejudice within the meaning of Civ.R. 36(B). *State ex rel. Davila v. City of Bucyrus*, 194 Ohio App. 3d 325, 2011-Ohio-1731, 956 N.E. 2d 332, ¶ 30 (3d Dist.). Rather Civ.R. 36(B) prejudice " 'relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted." *Hadley*, 45 F.3d, at 1348.

{¶ 13} We are also not persuaded by Harvey's damages argument. The Civil Rules of Procedure provide an avenue for settling discovery disputes with obstructionist parties. *See* Civ.R. 37. Furthermore, the amended final pretrial order in this case states that trial was not

supposed to start until March of 2014, leaving ample time for discovery sanctions to give Harvey the relief he seeks. As Harvey has not attempted to settle the discovery dispute through Civ.R. 37, we fail to see how he has been prejudiced by Crespo's alleged stonewalling.

{¶ 14} The final issue is whether there were compelling circumstances. Moving during the course of litigation could be a compelling circumstance as the documents needed to answer the request may not be available to party. On the other hand, based on this particular request for admissions, her complaint, the various depositions, and a previous judgment by this court, Crespo should have been able to deny the admissions without referring to any documents. Her claims that she had to search through her documents to determine her answer to the complaint are plainly insincere. At the very least, her attorney could have filed a request for an extension of time to reply. *Cleveland Trust Co. v. Willis*, 20 Ohio St. 3d 66, 68, 485 N.E.2d 1052 (1985). Accordingly, it is difficult to see how Crespo did not have a moment within the 28-day window to respond or request an extension.

{¶ 15} Nevertheless, we now conclude that our previous holding requiring compelling circumstances to withdraw deemed admissions was misplaced. We make this conclusion for the following reasons.

{¶ 16} First, there is no textual basis for requiring the movant to provide compelling circumstances for why he or she failed to meet the deadline within Civ.R. 36 to withdraw the admission. The lack of a textual basis in Civ.R. 36(B) for the compelling circumstance requirement should in itself suggest a new approach to the issue.

**{¶ 17}** Second, *Cleveland Trust Co. v. Willis*, 20 Ohio St. 3d 66, 485 N.E.2d 1052 (1985) does not require a movant to demonstrate compelling circumstances. The compelling circumstance prong arises from the following paragraph in *Willis*:

> Civ.R. 36 requires that when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer. Failure to respond at all to the requests will result in the requests becoming admissions. Under compelling circumstances, the court may allow untimely replies to avoid the admissions. *Id.* at 67.

**{¶ 18}** The quoted passage does not indicate what the trial court may do in instances where there were not compelling circumstances, nor does the Supreme Court define what constitutes compelling circumstances. Furthermore, the analysis used in *Willis* suggests that the passage should be treated as dicta. In *Willis*, similarly to our case, the plaintiff-appellant missed the deadline to respond to admissions; as a result, the trial court determined that the matters sought to be admitted were conclusively established. *Id.* at 66. In affirming, the Ohio Supreme Court noted that appellant's alleged illness did not provide a compelling justification for missing the deadline. *Id.* at 68. However, the court also focused on the prejudice appellee would endure if the appellant's admissions were withdrawn. *Id.* at 68. Specifically, the response to the request for admissions came on the first day of trial and therefore would have clearly prejudiced appellee's strategy. *Id.* The court's opinion therefore was based on the prejudice the appellee would endure that justified affirming the lower court.

**{¶ 19}** Third, federal courts applying Fed.R.Civ.P. 36, which for our purposes is identical to Civ.R. 36, generally do not take into consideration compelling circumstances. *See, e.g., Conlon v. United States*, 474 F.3d 616, 622 (9th Cir.2007) ("The rule is not to be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply concede essential elements."), quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1268 (11th Cir.2002); *Durability Inc. v. Sovereign Life Ins. Co.*, 212 F.3d 551, 556 (10th Cir.2000) ("The court's focus must be on the effect upon the litigation and prejudice to the resisting party rather than. . . on the moving party's excuses for an erroneous admission.") (citing 10A Federal Procedure L.Ed. § 26.500 (1988) (internal mark omitted)); *Siguel v. Allstate Life Ins. Co.*, 48 F.3d 1211 (1st Cir. 1995), 1995 WL 98240, at \*4 (unpublished opinion) ("Contrary to Siguel's assertion, the focus under Rule 36(b) is not on the moving party's explanations for its non-compliance (sic) with the Rule.  . . .Thus, Allstate is not required to show excusable neglect."), citing  *FDIC v. Prusia*, 18 F.3d 637,640 (8th Cir.1994); *Edeh v. Equifax Info. Servs., LLC,* 295 F.R.D. 219, 227 (D. Minn. 2013) (concluding lack of good cause for failing to meet deadline to respond to admissions, while probative, should not be the dispositive factor).

**{¶ 20}** The district courts of appeals have had two responses to *Willis*.  The majority of the districts that have been confronted with the issue have determined the movant must demonstrate compelling circumstances to withdraw his or her admissions.  *See Garrick v. Greater Cleveland Reg. Trans. Auth.*, 8th Dist. Cuyahoga No. 99547, 2013-Ohio-5029, ¶ 14: *Whitehouse v. Customer Is Everything! Ltd.*, 11th Dist. Lake No. 2007-L-069, 2007-Ohio-6963, ¶ 34; *Farah v. Chatman*, 10th Dist. Franklin No. 06AP-502, 2007-Ohio-697,

¶ 11-13; *Natl. City Bank v. Moore*, 9th Dist. Summit No. 19465, 2000 WL 235529 (March 1, 2000). The Fifth and Sixth Districts, however, have determined that the prejudice the non-moving party experiences must be weighed against the moving party's compelling circumstance for not responding in time. *Himes v. Smith*, 5th Dist. Stark No. 2011 CA 00086, 2012-Ohio-184, ¶ 14; *RKT Props., LLC v. City of Northwood*, 162 Ohio App.3d 590, 2005-Ohio-4178, 834 N.E.2d 393, ¶ 12 (6th Dist.); *but see Kutscherousky, supra* at ¶ 21-29 (ignoring compelling circumstances completely). As explained in *Himes,* this approach balances the interest in allowing parties to rely on admissions while protecting the interest of having cases decided on the merits. *Himes, supra.*

{¶ 21} We disagree with both approaches. Simply, Civ.R. 36(B) itself does not make compelling circumstances an issue. Rather, the only requirements are that the withdrawal aid in reaching the merits and that the non-moving party is not prejudiced by the withdrawal or amendment.

{¶ 22} Accordingly, the sole assignment of error has merit.

{¶ 23} For the reasons discussed above, the judgment of the Montgomery County Court of Common Pleas is hereby reversed and remanded for further proceedings.

. . . . . . . . . . .


FROELICH, P.J., concurring:

{¶ 24} The relevant time line in this case is:

In summary:

March 18, 2013          Previous trial date continued and May 16 set for scheduling

conference

May 1, 2013    Requests for Admissions served on Plaintiff

May 16, 2013  Scheduling Conference setting December 13 as the last date for summary judgment motions and trial for March 13

May 29, 2013  Plaintiff's Responses to Requests Due

June 6, 2013   Defendants' Motion for Summary Judgment relying on unresponded-to Requests for Admissions

June 11, 2013  Plaintiff's Request for Additional Ten (10) Days

June 14, 2013  Defendants' Opposition Memo

July 1, 2013    Trial Court's denial of June 11 Motion

July 31, 2013  Decision granting Motion for Summary Judgment

March 13, 2014    Scheduled trial date

**{¶ 25}** The Requests for Admissions were filed May 1 and the Motion for Summary Judgment (based on the deemed admissions) was filed June 6; in the interim, the court had convened a pretrial and scheduled trial for March 13, 2014. The plaintiff filed its request on June 11, less than two weeks after Responses were due, less than a week after defendants' Motion for Summary Judgment, and nine months before the scheduled trial.

**{¶ 26}** The Civil Rules are to "be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). Requests for Admissions when expertly drafted in, allowable, conclusory form can terminate the litigation. Admissions are not compelled to be

final and not subject to withdrawal or amendment if a tardy response is the result of nominal negligence, without any resulting prejudice, and not part of a "pattern of neglect or obstructionism" or a "conscious effort to ignore the request. . . ." See, e.g., *Builders Services, Inc. v. Habitat Condominium Owners Ass'n*, 2d Dist. Montgomery No. 17247, 1999 WL 22606, *6 (Jan. 22, 1999), (internal citations omitted).

{¶ 27} The deemed-admitted consequence is not a "gotcha" for the minimally

-13-

dilatory when it resolves the litigation in a manner completely prejudicial to one side without any prejudice to the other. I would not eliminate the compelling circumstance consideration, but rather find that it must be interpreted in this context.

. . . . . . . . .

FAIN, J., concurring:

{¶ 28} I agree with Judge Wright, in his opinion for the court, that "compelling" circumstances, in the sense of circumstances presenting an unusually forceful justification for a party's failure to have timely responded to a request for admissions, is not a requirement of Civ.R. 36(B) for sustaining a motion to modify or withdraw deemed admissions. The opinions using the word "compelling," sometimes equated with "substantial," appear merely to have used the word in connection with the circumstances proffered, either affirmatively or negatively, without indicating that the "compellingness" of the circumstances is the sine qua non for permitting the modification or withdrawal of deemed admissions.

{¶ 29} Civ.R. 36(B) imposes two prerequisites for a trial court order modifying or withdrawing deemed admissions: (1) the modification or withdrawal must aid in presenting the merits of the case; and (2) the responding party must have failed to satisfy the court that it would be prejudiced in maintaining the action or the defense of the action if the deemed admissions were modified or withdrawn. If these two prerequisites are satisfied, then, and only then, the trial court *may* permit the modification or withdrawal of the deemed admissions; i.e., it has the discretion to do so.

{¶ 30} Once the prerequisites have been satisfied, and the trial court has discretion, the sound exercise of that discretion requires a consideration of the culpability of the negligent party (in having failed to respond timely to the request for admissions) in comparison with the inconvenience to the trial court and to the adverse party or parties if the deemed admissions are modified or withdrawn. If the culpability of the negligent party is great, perhaps because the party has demonstrated a pattern of indifference to discovery and to orders of the court, and the inconvenience to the trial court and to the adverse parties is great, perhaps because the trial date is imminent and the adverse parties and the trial court have prepared for trial, then the sound exercise of discretion would lead a reasonable trial court to overrule a motion to modify or withdraw deemed admissions. Conversely, if both the culpability of the negligent party and the inconvenience to the trial court and the adverse parties are slight, then the sound exercise of discretion would lead a reasonable trial court to sustain the motion.

{¶ 31} Obviously, there will be cases lying somewhere midway between these extremes, in which a reasonable trial court, exercising its sound discretion, could either sustain or overrule the motion. But the case before us appears to me to lie near the extremes of slight

negligence and slight inconvenience. The plaintiff filed her request for additional time to respond less than two weeks after her response was due, and her proffered reason, that she was in the throes of moving, will strike a chord with anyone who has gone through the process of moving a residence. Furthermore, the plaintiff filed her request six months before the cutoff date set by the court for summary judgment motions (although the defendant had filed a motion for summary judgment, based upon the opportunity presented by the deemed admissions, just five days earlier), and nine months before the scheduled trial date.

{¶ 32} In the circumstances of this case, I conclude that the sound exercise of the trial court's discretion requires the sustaining of Crespo's motion to withdraw her deemed admissions. Therefore, I concur.

(Hon. Thomas R. Wright, Eleventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Alfred Schneble
Neil Freund
Shannon Bockelman
Hon. Dennis J. Adkins