[Cite as *Cotrill v. Noah's Transp., L.L.C.*, 2014-Ohio-2098.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

TONY COTTRILL

      Plaintiff-Appellee

v.

NOAH'S TRANSPORTATION, LLC

      Defendant-Appellant

Appellate Case No.    2014-CA-2

Trial Court Case No.   13-053

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

# O P I N I O N

Rendered on the 16th day of May, 2014.

. . . . . . . . . . .

JOSE M. LOPEZ, Atty. Reg. No. 19580, 18 East Water Street, Troy, Ohio 45373
      Attorney for Plaintiff-Appellee

MATTHEW J. MALONE, Atty. Reg. No. 0085903, 11 ½ East Second Street, Ashland, Ohio 44805
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

    **{¶ 1}**   Defendant-appellant, Noah's Transportation, LLC, appeals from the decision of

the Miami County Court of Common Pleas overruling its motion to withdraw admissions deemed admitted. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On January 24, 2013, Tony Cottrill commenced a civil action against Noah's Transportation, LLC ("Noah"), to recover monies due for shipping services and materials, as well as work performed on a trailer. Noah filed an answer and counterclaim, and Cottrill subsequently served Noah with a first request for admissions on July 18, 2013. Noah failed to respond to the request for admissions within 28 days as required by Civ.R. 36(A), which prompted Cottrill to file a motion to deem the request for admissions admitted. In response, on August 20, 2013, Noah filed a memorandum in opposition explaining that it had not responded to the request for admissions because it was unable to contact the owner and president of Noah, Terry Lang, given that Lang had multiple strokes and was not working during his recovery. Upon learning this information, the trial court scheduled the matter for a hearing on September 9, 2013. Following the hearing, the trial court ordered Noah to respond to Cottrill's request for admissions by September 16, 2013. The court advised that it would thereafter rule on Cottrill's motion to deem the request for admissions admitted.

{¶ 3} By September 18, 2013, the trial court had not been informed as to whether Noah complied with the September 16th deadline. Accordingly, the trial court granted Cottrill's motion to deem the unanswered request for admissions admitted pursuant to Civ.R. 36(A). On October 2, 2013, Cottrill filed a motion for summary judgment based on the admissions. The next day, Noah responded by filing a motion for reconsideration arguing that Noah had allegedly

e-mailed the admission responses to Cottrill's counsel on September 13, 2013. In support of its motion, Noah attached a screenshot of the alleged e-mail along with a copy of the responses. Cottrill, however, claimed that the responses were never received and provided supporting affidavits from his counsel's office manager and information technology systems engineer attesting to that fact. The trial court then overruled Noah's motion for reconsideration.

{¶ 4} After the trial court overruled Noah's motion for reconsideration, on October 17, 2013, Noah filed a memorandum in opposition to Cottrill's motion for summary judgment and a Civ.R. 36(B) motion to withdraw admissions deemed admitted. Attached with the motion to withdraw was an affidavit signed by Noah's counsel claiming that on September 13, 2013, he sent the admission responses to Cottrill via e-mail and regular U.S. mail. Counsel also attached the screenshot of the alleged September 13th e-mail. Noah, however, did not submit any evidence establishing that the responses were sent by regular mail. On October 23, 2013, the trial court entered a decision overruling Noah's motion to withdraw the admissions deemed admitted and granting summary judgment in favor of Cottrill. Noah now appeals from that decision, raising one assignment of error.

## Assignment of Error

{¶ 5} Noah's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO WITHDRAW ADMISSIONS DEEMED ADMITTED.

{¶ 6} Under this assignment of error, Noah contends that the trial court erred in overruling its motion to withdraw admissions deemed admitted, because all the requirements for

permitting such a withdrawal under Civ.R. 36(B) have been satisfied.

{¶ 7} Pursuant to Civ.R. 36(B), "the court may permit withdrawal * * * when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal * * * will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B) does not require a movant to demonstrate compelling circumstances for failing to timely respond to request for admissions in order to have the admissions withdrawn. *Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, ¶ 21. "[T]he only requirements are that the withdrawal aid in reaching the merits and that the non-moving party is not prejudiced by the withdrawal or amendment." *Id*. at ¶ 21.

{¶ 8} However, given the use of the word "may" in Civ.R. 36(B), the trial court is not automatically required to withdraw admissions if all the requirements under the rule are satisfied. Rather, that decision is left to the sound discretion of the trial court. *Sciranka v. Hobart Intern., Inc.*, 2d Dist. Miami No. 91 CA 61, 1992 WL 211804, *2 (Sept. 4, 1992), citing *Gwinn v. Dave Dennis Volkswagen*, 2d Dist. Greene No. 87-CA-56, 1988 WL 13195, *3 (Feb. 8, 1988). *Accord Family Songs Ministries v. Morris*, 2d Dist. Miami No. 09-CA-16, 2010-Ohio-280, ¶ 17; *Colopy v. Nationwide Ins. Co.*, 9th Dist. Summit No. 17019, 1995 WL 500061, *2 (Aug. 23, 1995) ("[Civ.R. 36(B)] does not mandate withdrawal of admissions whenever the merits are subserved and prejudice is not demonstrated; the rule states that the court 'may' permit withdrawal or amendment. Thus, the decision is within the court's sound discretion"). Therefore, "an appellate court is not to disturb a trial court's decision in this regard unless the trial court abused its discretion." *Farah v. Chatman*, 10th Dist. Franklin No. 06APP-502, 2007-Ohio-697, ¶ 11.

{¶ 9} A trial court abuses its discretion when the court's decision is "unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id*. We note that trial courts have "a greater ability to assess the parties' ability and willingness to cooperate in discovery, and hence [have] broad discretion in controlling the conduct of discovery and in issuing of sanctions for violations." *Cheek v. Granger Trucking,* 8th Dist. Cuyahoga No. 78805, 2001 WL 1398454 , *4 (Nov. 1, 2001), citing *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 662 N.E.2d 1 (1996), syllabus.

{¶ 10} In *Crespo*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, Judge Fain's concurring opinion aptly describes how the trial court exercises sound discretion when deciding whether to grant or deny a motion to withdraw admissions deemed admitted:

Once the prerequisites have been satisfied, and the trial court has discretion, the sound exercise of that discretion requires a consideration of the culpability of the negligent party (in having failed to respond timely to the request for admissions) in comparison with the inconvenience to the trial court and to the adverse party or parties if the deemed admissions are modified or withdrawn. If the culpability of the negligent party is great, perhaps because the party has demonstrated a pattern of indifference to discovery and to orders of the court, and the inconvenience to the trial court and to the adverse parties is great, perhaps because the trial date is imminent and the adverse parties and the trial court have prepared for trial, then the sound exercise of discretion would lead a reasonable trial court to overrule a

motion to modify or withdraw deemed admissions. *Id.* at ¶ 30. In turn, while Civ.R. 36(B) does not require a movant to demonstrate compelling circumstances for failing to timely respond to a request for admissions, the trial court may still consider whether there is a justifiable excuse for the failure, as well as any other pertinent facts, when considering the culpability of the party that failed to respond.

{¶ 11} In this case, Noah did not provide any justification for his failure to timely respond to Cottrill's request for admissions. Rather, Noah contends that its responses were timely, because it complied with the trial court's extended deadline of September 16, 2013. Specifically, Noah claims that it submitted the responses to Cottrill by e-mail and regular U.S. mail on September 13, 2013. However, other than the self-serving affidavit of Noah's counsel, there is no evidence that the responses were ever sent via regular mail. Additionally, Noah's evidence of the alleged e-mail merely consists of screenshot images from defense counsel's computer, which, according to Noah, depict the e-mail sent to Cottrill and his "sent box" showing the outgoing e-mail. These images, however, do not necessarily prove that the e-mail was actually sent and received by Cottrill, as the office manager and information technology systems engineer used by Cottrill's counsel swore by affidavit that the responses were never received.

{¶ 12} Most important, though, is the fact that Noah failed to notify the court of its alleged compliance with the September 16th response deadline. This is troubling because the trial court specifically advised the parties that the court would rule on Cottrill's motion to deem the request for admissions admitted after the deadline expired. Therefore, it was in Noah's best interest to let the court know that it had complied with the deadline in order to prevent the motion from being granted. Because Noah failed to notify the court of its alleged September 13th

submission of the responses, the court was free to conclude that Noah was not in compliance with the response deadline. This is particularly true given the trial court's finding that Noah had engaged in "a pattern of dilatory tactics." Decision (Oct. 23, 2013), Miami County Common Pleas Court Case No. 13 CV 53, Docket No. 21, p. 3.

{¶ 13} When considering all the foregoing facts together, it was not unreasonable for the trial court to overrule Noah's motion to withdraw the admissions deemed admitted. The record establishes that Noah's culpability for failing to respond was great given that he was found to have engaged in dilatory tactics and did not timely answer the request for admissions after receiving an extension of time to respond. Furthermore, Noah offered no explanation for his failure to notify the court of its alleged September 13th response. Likewise, the inconvenience to the trial court and Cottrill would have been great if the admissions were withdrawn, because the request to withdraw was filed after the deadlines for conducting discovery and filing motions for summary judgment had passed. Moreover, Cottrill filed a motion for summary judgment based on the admissions two weeks before Noah had requested the withdrawal. Accordingly, we find that the trial court's decision to overrule Noah's motion to withdraw the admissions deemed admitted was not an abuse of discretion.

{¶ 14} In coming to this conclusion, we note that the facts of this case are distinguishable from the facts in our recent decision in *Crespo*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, a case in which we reversed the trial court's decision denying the plaintiff's motion for leave to file answers to admissions out of time. While both Noah and the plaintiff in *Crespo* failed to timely respond to their opponent's request for admissions, the plaintiff in *Crespo* did not have the same degree of culpability as Noah, and withdrawing the admissions in

that case would not have been as inconvenient as it is here. Unlike *Crespo*, it was not unreasonable for the trial court to find that Noah's actions, or inaction, warranted the denial of its motion to withdraw admissions deemed admitted.

{¶ 15} Noah's sole assignment of error is overruled.

## Conclusion

{¶ 16} Having overruled Noah's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Jose M. Lopez
Matthew J. Malone
Hon. Robert J. Lindeman